[No. 53069–6. En Banc. July 23, 1987.]

THE STATE OF WASHINGTON, *Respondent,* v.
RONALD A. JAMES, *Appellant.*

*Mark W. Muenster* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Deborah J. Phillips, Senior Appellate Attorney,* for respondent.

UTTER, J.—Defendant Ronald A. James appeals his conviction for first degree murder. He assigns error to a trial court decision granting the State's pretrial motion to amend the charge to first degree murder. The effect of this ruling was to deny his request to withdraw his not guilty plea and plead guilty to the original charge of second degree murder. James contends that the trial court violated CrR 2.1(e) because granting the amendment prejudiced his unconditional right to plead guilty, recognized by this court in *State v. Martin,* 94 Wn.2d 1, 614 P.2d 164 (1980). We reject James' argument and affirm the trial court's decision. Although James' has a right to withdraw his not guilty plea, his right is not absolute. James exercised his unconditional right to enter a plea under *Martin* when he made a legally sufficient plea of not guilty at the arraignment. The trial court's decision to grant the amendment did not prejudice any substantial right, and therefore conformed with CrR 2.1(e).

I

On December 2, 1983, the State filed a complaint charging James with first degree murder. Police arrested James in Portland, Oregon on May 15, 1984. On June 4, the State, lacking sufficient evidence of premeditation, filed an infor-

mation in King County Superior Court, charging James with second degree murder. Arraignment also occurred on June 4, with James pleading not guilty. That evening, James made a tape–recorded confession in which he admitted killing the victim, and provided evidence of his premeditation. The prosecutor's office received a confession transcript on June 8. After a transcript review, the prosecution concluded that the defendant acted with premeditation. No decision was reached as to whether to amend the charge to first degree murder.

On June 18, discussions occurred between James' counsel and representatives of the prosecutor's office, who made it clear that they were considering amending the charge. At the omnibus hearing, held on June 19, the State moved to amend the charge to first degree murder. James objected and offered his plea of guilty to the original second degree murder charge. Because of the issues involved, the presiding judge refused to accept either the plea or the amendment, deciding instead to refer the matter to the criminal motions court.

At the motions court hearing, held on June 25, James sought to enter a guilty plea and the State sought to amend the charge. The motions judge held that the State could amend the information to first degree murder without prejudicing any substantial right, and thereby refused to accept the plea to second degree murder. James pleaded not guilty to the first degree murder charge, and after being found guilty by a jury, instituted this appeal. Division One of the Court of Appeals certified the appeal to this court pursuant to RCW 2.06.030. We found direct review warranted and accepted certification.

## II

Court rules do not address the scope of trial court discretion when a defendant, such as James, seeks to withdraw a plea of not guilty.[1] Here, however, James' attempt to

---

[1]Court rules do cover withdrawal of a guilty plea in CrR 4.2(f), which provides:

withdraw his plea conflicted with the prosecution's motion to amend to a more serious charge. Consequently, CrR 2.1(e) controls the trial court's discretion and this court's review.

Under CrR 2.1(e), a trial court "may permit any information or bill of particulars to be amended at any time before verdict or finding if substantial rights of the defendant are not prejudiced." The defendant has the burden of showing specific prejudice to a substantial right. *State v. Aleshire*, 89 Wn.2d 67, 71, 568 P.2d 799 (1977); *State v. Gosser*, 33 Wn. App. 428, 435, 656 P.2d 514 (1982). James argues that under *State v. Martin, supra,* he has an unconditional right to plead guilty. He claims the motions court prejudiced his right by accepting the State's motion to amend to a more serious degree of murder, rather than accepting his guilty plea. Thus, James' appeal raises the issue of whether the unconditional right to plead guilty recognized in *Martin* applies when a defendant seeks to withdraw his legally sufficient "not guilty" plea entered at arraignment. We hold that *Martin* does not apply.

The motions judge distinguished *Martin* on two bases: (1) unlike *Martin,* this case does not concern the death penalty; and (2) the defendant had an opportunity to enter a plea at arraignment, and used that opportunity to plead not guilty. James contends correctly that the trial court erroneously limited the *Martin* holding to the death penalty context. While defendants do not have a constitutional right to plead guilty, *Martin,* at 4,[2] we held in *Martin* that CrR 4.2(a) established a state right to enter a guilty plea. *Martin,* at 5. At arraignment, the trial judge in *Martin*

---

"The court shall allow a defendant to withdraw the defendant's plea of guilty whenever it appears that the withdrawal is necessary to correct a manifest injustice. If the defendant pleads guilty pursuant to a plea agreement and the court later determines under RCW 9.94A.090 that the agreement is not binding, the court shall inform the defendant that the guilty plea may be withdrawn and a plea of not guilty entered."

[2]Citing *North Carolina v. Alford,* 400 U.S. 25, 38 n.11, 27 L. Ed. 2d 162, 91 S. Ct. 160 (1970).

refused to accept the defendant's guilty plea to a charge of first degree murder "on the sole ground that the State's right to request the death penalty prevented such an admission of guilt." *Martin,* at 3. Although the issue arose in the context of the statutory death penalty scheme, we explicitly recognized the right to plead guilty for all criminal defendants regardless of the crime charged: "a criminal defendant has the right to plead guilty unhampered by a prosecuting attorney's opinions or desires." *Martin,* at 5. Our subsequent references to *Martin* also unequivocally recognize that the CrR 4.2(a) right to plead guilty is not crime specific. *See State v. Jones,* 99 Wn.2d 735, 740, 664 P.2d 1216 (1983) ("CrR 4.2(a) confers upon informed defendants the right to plead guilty unhampered by the wishes of the State"); *State v. Robtoy,* 98 Wn.2d 30, 45, 653 P.2d 284 (1982) (referring to *Martin* as case where this court "found the right to plead guilty in CrR 4.2(a)").

 Even though *Martin* applies regardless of the crime charged, the right to plead guilty is no longer unconditional in James' case. The right to plead guilty springs from CrR 4.2(a), which provides that "[a] defendant may plead not guilty, not guilty by reason of insanity or guilty." *Martin,* at 4. We characterized CrR 4.2(a) as "provid[ing] for the types of pleas which may be accepted at *arraignment.*" (Italics ours.) *Martin,* at 4. In *Martin,* the trial court denied the defendant the right to plead guilty at arraignment, postponed arraignment until the State filed for the death penalty, after which the trial court entered a not guilty plea on the defendant's behalf. *Martin,* at 3–4. Consequently, we recognized the unconditional right to plead guilty in order to protect the defendant's right to enter a knowing, intelligent, and voluntary plea at arraignment. *Martin,* at 5.

Subsequent decisions also demonstrate that the unconditional right to plead guilty applies only when the State, as prosecutor or judge, denies defendants the opportunity to make their own plea decision. For example, we invoked *Martin* in a post–arraignment case, where the trial court,

despite having found the defendant competent, imposed a plea of not guilty by reason of insanity on a defendant who wished to plead not guilty. *Jones,* at 737. In *Robtoy,* although the trial court entered a not guilty plea for the defendant, any violation of his right to plead guilty was cured by his having vigorously defended his case on the merits. *Robtoy,* at 45. Finally, the Court of Appeals also rejected a post–arraignment, *Martin*–based claim of a defendant who, at arraignment, had entered a legally sufficient plea of not guilty. *State v. Duhaime,* 29 Wn. App. 842, 631 P.2d 964 (1981).

Thus, the unconditional nature of the right to plead guilty does not apply in subsequent proceedings if the defendant voluntarily, knowingly, and intelligently enters a not guilty plea at arraignment. Because James had the unfettered opportunity to enter a plea at arraignment, at which he entered a legally sufficient plea of not guilty, his right to plead guilty was no longer unconditional. In effect, James claims not an unconditional right to plead guilty, but rather the absolute right to withdraw his not guilty plea, plead guilty to a lesser degree of murder, and thereby avoid a harsher sentence. *See* Report of Proceedings, at 12–13 (June 25, 1984). When confronted with the same argument in *Duhaime,* the Court of Appeals concluded that "[n]othing in the court rules or state statutes gives the defendant such a right." *Duhaime,* at 854. We agree.

Undoubtedly court rules implicitly recognize a right to withdraw a not guilty plea. *See* CrR 2.1(e), 4.2(f). However, this right is conditional, rather than absolute. We agree to some extent with the State when it argues that the public has a right to have criminals charged appropriately for their crimes. As the United States Supreme Court has recognized,

> [a] prosecutor should remain free before trial to exercise the broad discretion entrusted to him [or her] to determine the extent of the societal interest in prosecution. An initial decision should not freeze future conduct. . . . [T]he initial charges filed by a prosecutor may not reflect

the extent to which an individual is legitimately subject to prosecution.

(Footnote omitted.) *United States v. Goodwin,* 457 U.S. 368, 382, 73 L. Ed. 2d 74, 102 S. Ct. 2485 (1982). The King County Prosecuting Attorney has a policy of filing initial charges and degrees commensurate with the evidence in hand at the time. Filing and Disposition Policies of the King County Prosecuting Attorney (April 21, 1983); *see State v. Rowe,* 93 Wn.2d 277, 279 n.1, 609 P.2d 1348 (1980) (holding as constitutional King County filing guidelines on habitual criminal charges). Investigations continue in search of additional evidence. In fact, court rules pertaining to omnibus hearings expressly attempt to allow sufficient time for discovery of new evidence. CrR 4.5. Had we recognized an absolute right to withdraw a not guilty plea, defendants could sit by while the State expended resources. If the State discovers more incriminating evidence, defendants could then plead guilty, thereby precluding the prosecution from upgrading the charge based on the newly discovered evidence. Ongoing investigations would become exercises in futility. Even more importantly, we reject an absolute right to withdraw a not guilty plea because its existence would create a mandatory plea bargain, revocable at the defendant's option, whenever newly discovered evidence could lead to a more severe charge.

██ While James has a conditional right to withdraw his not guilty plea, he has failed to sustain his burden of demonstrating specific prejudice resulting from the information amendment. *State v. Aleshire, supra.* James does not claim surprise or an inability to prepare a defense because of the trial court's ruling. *See State v. Purdom,* 106 Wn.2d 745, 725 P.2d 622 (1986); *State v. Jones,* 26 Wn. App. 1, 6, 612 P.2d 404, *review denied,* 94 Wn.2d 1013 (1980). At trial, James argued that being subject to the harsher penalty accompanying a first degree murder charge constituted specific prejudice. Report of Proceedings, at 12–13 (June 25, 1984). Like the Court of Appeals in *Duhaime,* and the trial court in this case, we find that the possibility

of a harsher penalty, standing alone, cannot constitute specific prejudice. *See Duhaime,* at 854; Report of Proceedings, at 15 (June 25, 1984).

What took place in this case differs substantially from cases such as *Martin,* where the trial court refused to accept a plea until the State finished its decisionmaking process. *Martin,* at 3–4. Here, both James and the State came to the omnibus hearing prepared to make their respective motions. Certainly, first in time should not have decided the issue. We did not contemplate sanctioning such a race to the courthouse in *Martin,* and refuse to do so here. Presented with admittedly simultaneous and competing requests, the trial court made the proper inquiry. It found that newly discovered evidence served as the basis of, and fully supported, the prosecution's motion to amend. Report of Proceedings, at 13–15 (June 25, 1984). In addition, the prosecution reached its decision to amend with reasonable dispatch, without any suggestion of bad faith. As a result, vindictiveness, which the United States Supreme Court has viewed as prejudicial in the decision to charge, played no role in the State's motion to amend. *See Goodwin,* at 375.

Granting a motion to amend an information is a matter within a trial court's discretion. *State v. Haner,* 95 Wn.2d 858, 631 P.2d 381 (1981); *State v. Powell,* 34 Wn. App. 791, 793, 664 P.2d 1 (1983). Under the facts of this case, none of James' substantial rights suffered specific prejudice. Thus, the trial court acted within its discretion in allowing the State to amend. We affirm James' conviction for first degree murder.

PEARSON, C.J., and BRACHTENBACH, DOLLIVER, DORE, CALLOW, GOODLOE, and DURHAM, JJ., concur.

ANDERSEN, J., concurs in the result.