[No. 12346-1-II.   Division Two.   March 13, 1991.]

THE STATE OF WASHINGTON, *Respondent*, v. JAMES L. THOMPSON, JR., *Appellant*.

*Jeffrey B. Ranes, Theresa M. Ahern,* and *Olson & Ranes,* for appellant.

*Steward Menefee, Prosecuting Attorney,* and *Gerald R. Fuller, Deputy,* for respondent.

REED, J.*—James Thompson appeals his conviction for aggravated murder in the first degree, contending that (1) he was denied his right to counsel; (2) the trial court erred in (a) rejecting his guilty plea to felony murder, (b) denying his motion for a change of venue, and (c) instructing the jury not to deliberate on the felony murder charges unless it ·first found him not guilty of aggravated first degree murder.

On the evening of January 21, 1988, the bodies of Frank and Elenore Shye were discovered in their home. Frank Shye had been shot once through the right shoulder and upper arm and once across the back of his head. Elenore had been shot once in the head.

The defendant was charged with two counts of aggravated murder in the first degree (counts 1 and 3) and two counts of felony murder (counts 2 and 4). At arraignment, he entered a plea of not guilty to each count. Later, the State filed a notice of special sentencing proceeding and amended the felony murder informations to include accomplice language.

When defendant was arraigned on the amended informations, he offered to plead guilty to the two felony murder counts, seeking the trial court's assurance that he could thus escape a sentence of death on the aggravated first degree murder counts.

In response the State argued that he could not plead guilty because the notice of special sentencing already had been filed on the aggravated first degree murder charges and that the jury must be permitted to deliberate on that matter. The court ruled that the decision to charge both crimes was within the prosecutor's discretion, and refused

---

*Judge Edward P. Reed was a member of the Court of Appeals at the time oral argument was heard on this matter. He is now serving as a judge pro tempore of the court pursuant to CAR 21(c).

to accept guilty pleas to the felony murder charges unless the prosecutor was willing to dismiss the other charges. The prosecutor declined, and the court entered pleas of not guilty to those counts; Thompson pleaded not guilty to the aggravated first degree murder counts. A trial date was set.

Prior to trial and again following jury selection, defendant's motions for a change of venue were denied. At the conclusion of testimony, the court instructed the jury to deliberate on the felony murder counts only if they first found defendant not guilty of premeditated first degree murder. The jury returned verdicts of guilty on both counts of aggravated first degree murder. Appeal followed.

■ Defendant contends that he had the unconditional right to plead guilty to whichever counts he chose and that the trial court had no authority to refuse the tendered pleas. Although a defendant does not have a constitutional right to plead guilty, the right has been conferred by court rule in this state. CrR 4.2(a). *State v. Martin,* 94 Wn.2d 1, 4, 614 P.2d 164 (1980). For the reasons hereafter set forth, the rule of *Martin* does not apply in this case.

In *State v. James,* 108 Wn.2d 483, 739 P.2d 699 (1987), James pleaded not guilty to second degree murder, after which the State sought to amend the information to charge first degree murder. James objected to the motion, attempted to withdraw his prior plea and offered a guilty plea to the original charge. The court granted the motion to amend, ruling that the amendment would not prejudice any substantial right, and refused to accept the guilty plea to second degree murder.

■ The *James* court held that, once the defendant enters a legally sufficient not guilty plea at arraignment, the unconditional right to plead guilty recognized in *Martin* does not apply. Following the reasoning in *James,* we hold that because Thompson entered a legally sufficient not guilty plea at his original arraignment, *Martin* does not apply. Thus, Thompson did not have the right to plead guilty at the second arraignment.

Thompson argues, however, that because the amended information differed so substantially from the original information, it amounted to a new and separate information to which the *Martin* rule ought to apply. We disagree.

A trial court may permit an information to be amended at any time before verdict or finding if substantial rights of the defendant are not prejudiced or the amendment is one of mere form, not substance. *State v. James, supra* at 486; CrR 2.1(e); *State v. Allyn,* 40 Wn. App. 27, 35, 696 P.2d 45, *review denied,* 103 Wn.2d 1039 (1985). The defendant has the burden of showing specific prejudice to a substantial right. *James,* 108 Wn.2d at 489. Thompson, however, has not argued that he has been prejudiced by the amendment, thus narrowing the issue before us.

The original information charged that Thompson shot the victims. It omitted language, added by the amendment, to the effect that he "or another participant" shot them. It did, however, specifically refer to the section of the statute under which felony murder by accomplice may be charged and therefore adequately apprised Thompson of the charges against him. RCW 9A.32.030(1)(c). A defendant may be found guilty as an accomplice even though he was not expressly accused of aiding and abetting and even though he was the only person charged. *State v. Carothers,* 84 Wn.2d 256, 260, 525 P.2d 731 (1974); *State v. Duhaime,* 29 Wn. App. 842, 631 P.2d 964 (1981), *review denied,* 97 Wn.2d 1009 (1982). Here, the amendment was not so substantially different in content as to give rise to an unconditional right to be rearraigned or to plead guilty as though defendant were being arraigned for the first time. The trial court did not err, therefore, in rejecting the tendered plea.

Further, Thompson never attempted to withdraw his original plea of not guilty. In *State v. Duhaime, supra,* this court held that nothing in the court rules or state statutes gives a defendant the right to change his not guilty plea to a plea of guilty to a "lesser" offense and so avoid punishment for the greater offense of premeditated murder.

Thompson also argues that even though a notice of special sentencing proceeding has been filed, a prosecutor's consent is not required before a defendant may plead guilty to a separately charged felony murder because that crime is not a lesser included offense of aggravated first degree murder, and is therefore not governed by RCW 10.95-.040(2), which states in part that:

> Except with the consent of the prosecuting attorney, during the period in which the prosecuting attorney may file the notice of special sentencing proceeding, the defendant may not tender a plea of guilty to the charge of aggravated first degree murder nor may the court accept a plea of guilty to the charge of aggravated first degree murder or any lesser included offense.[1]

The notice must be filed and served within 30 days after the defendant's arraignment upon the charge of aggravated first degree murder unless the time is extended by the court. RCW 10.95.040(2).

The State argues that when the notice of special sentencing has been filed, the statute preserves the penalty question for the jury, which must have an opportunity to deliberate on it, and that this precludes the entry of a plea of guilty to felony murder. While we recognize that the State has accurately described the policy behind the statute, we must agree with Thompson that felony murder is not expressly covered by the language contained therein.

██ The statute prohibits guilty pleas to only aggravated first degree murder or a lesser included offense of that crime. Felony murder is not a lesser included offense of aggravated first degree murder. *State v. Irizarry,* 111 Wn.2d 591, 594–95, 763 P.2d 432 (1988). Thus, under *Martin,* a defendant charged with both felony murder and aggravated first degree murder may plead guilty to felony murder when arraigned for the first time. However, such a plea would not preclude the prosecutor from pursuing the companion charge of premeditated first degree murder and from seeking the death penalty upon proof of aggravating

---

[1]This statute, Laws of 1981, ch. 138, § 4, apparently was enacted in response to *Martin.*

circumstances. The two charges are merely alternative ways of committing first degree murder. *State v. Ellison,* 36 Wn. App. 564, 565, 676 P.2d 531, *review denied,* 101 Wn.2d 1010 (1984); RCW 9A.32.030(1)(a); RCW 9A.32.030(1)(c).

Unlike the defendant in *Martin,* Thompson was not subject to a single charge of first degree murder. Rather, he was charged with aggravated first degree (premeditated) murder coupled with felony murder. The State properly invoked RCW 10.95.040(2) by a timely filing of its notice of special sentencing proceeding. RCW 10.95.040(2) does not apply to preclude the prosecution from pursuing an aggravated murder in the first degree charge when a defendant also has been charged alternatively with felony murder. It is aimed only at precluding guilty pleas to aggravated first degree murder or any lesser included offense. Because felony murder is not a lesser included offense, a defendant who wishes to plead guilty to felony murder may do so but, by doing so, cannot escape trial on the aggravated first degree murder charge. This is not true in Thompson's case; however, because he entered a legally sufficient plea of not guilty to the felony murder counts, he lost any right he had to plead guilty to those counts.[2]

██ Defendant contends that he was denied legal counsel at the time he gave his statement to police and that his statements were not therefore freely made. We disagree. The record shows that he exercised free choice in making his statements. He was repeatedly advised of his right to counsel and was given access to a telephone and attorneys' telephone numbers. He signed two advisement of rights forms and verbally indicated that he understood his rights. His statement to investigators either that "he should not talk to police until he had a chance to talk to another," or that the next time he told his story would be in front of a

---

[2]Under our resolution of this issue, a defendant would have nothing to gain by pleading guilty to alternative felony murder counts. His conviction of those counts simply would merge with any conviction for aggravated first degree murder. *See Ohio v. Johnson,* 467 U.S. 493, 81 L. Ed. 2d 425, 104 S. Ct. 2536 (1984); *State v. Netling,* 46 Wn. App. 461, 731 P.2d 11, *review denied,* 108 Wn.2d 1011 (1987).

judge after his attorney had cut him a deal, was not a request for an attorney and did not invoke his right to counsel under the Fifth and Fourteenth Amendments. *State v. Bledsoe,* 33 Wn. App. 720, 658 P.2d 674, *review denied,* 99 Wn.2d 1019 (1983).

■ Defendant contends that the trial court erred in denying his motion for a change of venue. The Supreme Court established nine criteria the trial court should consider when ruling on a motion for a change of venue. *State v. Laureano,* 101 Wn.2d 745, 756–57, 682 P.2d 889 (1984):

> (1) the inflammatory or noninflammatory nature of the publicity; (2) the degree to which the publicity was circulated throughout the community; (3) the length of time elapsed from the dissemination of the publicity to the date of trial; (4) the care exercised and the difficulty encountered in the selection of the jury; (5) the familiarity of prospective or trial jurors with the publicity and the resultant effect upon them; (6) the challenges exercised by the defendant in selecting the jury, both peremptory and for cause; (7) the connection of government officials with the release of publicity; (8) the severity of the charge; and (9) the size of the area from which the venire is drawn.

■■ A defendant's due process rights are violated when pretrial publicity prejudices his or her right to an impartial jury but not by the mere existence of pretrial publicity. *Laureano,* at 756. A defendant need not affirmatively show actual prejudice resulting from pretrial publicity but must show an apparent probability of prejudice to the right to an impartial jury. *Laureano,* at 756 (citing *State v. Stiltner,* 80 Wn.2d 47, 54–55, 491 P.2d 1043 (1971), and *State v. Gilcrist,* 91 Wn.2d 603, 609, 590 P.2d 809 (1979)). A motion for a change of venue in a criminal case is directed to the sound discretion of the trial court and will not be overturned on appeal absent an abuse of that discretion. *State v. Laureano, supra.* The court on appeal will independently review the record to determine whether the probability of prejudice is so apparent that it constitutes error to deny the motion for a change of venue. *State v. Brooks,* 20 Wn. App. 52, 56, 579 P.2d 961, *review denied,* 91 Wn.2d 1001 (1978).

Considering the *Laureano* factors and viewing the record as a whole, we hold that the defendant has not affirmatively shown an apparent probability of prejudice to his right to an impartial jury. The trial court did not abuse its discretion in denying his motion for a change of venue.

Over objection, the trial court informed the jury that it should consider first the charges of aggravated first degree murder and only if it did not find the defendant guilty of those charges or could not agree, was it to consider the felony murder charges. We agree with defendant that the instructions, as worded, treated felony murder as though it were a lesser included offense of premeditated first degree murder. In accord with what we have said previously, the charges should have been treated as alternative ways of committing first degree murder. *See* concurring and dissenting opinion of Justice Callow in *State v. Irizarry, supra.*

In *State v. Irizarry, supra,* defendant Ransom was charged with aggravated first degree murder. After being instructed on felony murder as a lesser included offense, the jury found him guilty of felony murder. The conviction was reversed because Ransom had never been apprised that he could be convicted of an uncharged felony murder. No such notice problem is present in this case. Thompson was apprised of the felony murder charges from the outset.

■■ ■■ Although the challenged instruction as worded is infirm, the error is harmless because substantial evidence supported the conviction for aggravated first degree murder. An error is harmless when it has no prejudicial effect on the outcome of the trial. *Rice v. Janovich,* 109 Wn.2d 48, 63, 742 P.2d 1230 (1987); *In re Ferguson,* 41 Wn. App. 1, 5, 701 P.2d 513, *review denied,* 104 Wn.2d 1008 (1985). The inquiry on review of the sufficiency of the evidence to support a criminal conviction must be to determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any rational trier of fact* could have found the essential elements of the crime *beyond a reasonable doubt." State v. Green,* 94 Wn.2d 216, 221, 616 P.2d 628

(1980) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 61 L. Ed. 2d 560, 99 S. Ct. 2781 (1979)). Accordingly, we affirm the defendant's conviction.[3]

WORSWICK, C.J., and ALEXANDER, J., concur.

---

[3]As this opinion was being circulated for signature, the Supreme Court filed its opinion in *State v. Bowerman*, 115 Wn.2d 794, 802 P.2d 116 (1990), which clearly holds that Thompson had no right to avoid trial on the charge of aggravated murder by pleading guilty to felony murder. Because our opinion addresses other issues, the panel elected to publish the opinion as originally approved.