[No. 12396-1-III.    Division Three.    April 26, 1994.]

THE STATE OF WASHINGTON, *Respondent,* v. FRANCISCO R. ALVARADO, *Appellant.*

*Jerry M. Makus,* for appellant.

*James L. Nagle, Prosecuting Attorney,* and *Joseph M. Golden, Deputy,* for respondent.

SCHULTHEIS, J. — After a jury trial, Francisco Alvarado was convicted in Walla Walla County Superior Court on one count of residential burglary and one count of second degree theft. The information was amended four times over the span of 6 weeks. Mr. Alvarado contends: (1) court approval is required prior to amending an information and none was obtained until the eve of trial; (2) he was substantially prejudiced by an amendment immediately prior to trial, or alternatively, prejudice should be presumed; and (3) the criminal rules of procedure do not allow for amendment of an information in a manner so as to allege new charges on the first day of trial. We affirm.

The substantive facts which gave rise to the charges play no role in this appeal and need not be recited. Mr. Alvarado was charged by information on February 5, 1992, with possession of stolen property. The offense was allegedly committed on February 31, 1992. Two days later an amended information was filed changing the date of the offense to January 31, 1992. A second amended information was filed on February 12, 1992. The possession of stolen property charge was not realleged and instead stated a new count of residential burglary. A third amended information was filed on March 18, 1992, adding second degree theft to the burglary count. The following day a fourth amended information was filed to cure a typographical error contained in the third amended information.

The prosecution did not seek leave of court to file the various amended informations until April 6, 1992, immediately prior to trial. During pretrial conference in chambers, defense counsel objected to the State's failure to obtain

leave of court prior to amending. In response, the prosecutor moved for leave to amend which was granted. Mr. Alvarado did not request a continuance. The jury convicted on both counts.

▇ Mr. Alvarado contends CrR 2.1(e) implies that court approval is a requisite to amending an information. We agree. CrR 2.1(e) provides: "The court may permit any information or bill of particulars to be amended at any time before verdict or finding if substantial rights of the defendant are not prejudiced." This language has been interpreted to mean that the prosecution is not free to amend the original charging document absent leave of court. *State v. Haner*, 95 Wn.2d 858, 863, 631 P.2d 381 (1981); *State v. Powell*, 34 Wn. App. 791, 793, 664 P.2d 1 (1983), *review denied*, 100 Wn.2d 1035 (1984).

Mr. Alvarado is thus correct in asserting that the State failed to follow proper procedure in filing the first, second and third amended informations, but he was not tried on those informations. The fourth amended information also was improvidently filed prior to securing leave of court, but the defect was cured when approval was obtained. The point is moot.

Moving on to the central issue in the case, Mr. Alvarado urges his rights were substantially prejudiced when the trial court allowed amendment of the information immediately prior to trial, or alternatively, prejudice should be presumed. He argues that an accused is entitled to notice of charges sufficiently in advance of trial to adequately prepare. Although he was aware that a burglary charge was contemplated as early as February 12, 1992, and aware of the theft count on March 18, the charging documents were invalid for lack of court approval. Mr. Alvarado urges that an invalid information does not impart notice.

▇ ▇ Mr. Alvarado actually litigated the charges on which he was subsequently tried by participating in a probable cause hearing on March 24, 1992. Argument presented at the hearing reflects that defense counsel was aware of what charges his client faced. In a prior hearing, counsel

observed "the State's filed an amended information on the average of once a week in this case", but the record does not reflect any assertion of impropriety until the morning of trial. Mr. Alvarado failed to request a continuance. *State v. Schaffer*, 63 Wn. App. 761, 767, 822 P.2d 292 (1991) (when accused fails to seek continuance, absence of surprise and prejudice is presumed), *aff'd*, 120 Wn.2d 616, 845 P.2d 281 (1993). He did not draw the trial court's attention to any perceived prejudice, and points to no prejudice now. When reversal is sought because of a late amendment, the burden is on the accused to demonstrate "specific prejudice resulting from the information amendment". *State v. James*, 108 Wn.2d 483, 489, 739 P.2d 699 (1987); *State v. Murbach*, 68 Wn. App. 509, 511, 843 P.2d 551 (1993).

Mr. Alvarado urges that an 11th-hour amendment is "reversible error per se even without a defense showing of prejudice". The authorities cited are not supportive. In *State v. Pelkey*, 109 Wn.2d 484, 487-91, 745 P.2d 854 (1987), the court laid down a per se rule by holding that a midtrial amendment after the prosecution had rested its case in chief denies the accused his constitutional right to be tried on charges actually made. A showing of specific prejudice is not required under such circumstances because CrR 2.1(e) must bow to the requirement that "the accused shall have the right and . . . to demand the nature and cause of the accusation against him . . .". Const. art. 1, § 22 (amend. 10). An amendment which comes during trial carries such overwhelming risk of prejudice that prejudice will be presumed. *Pelkey*, at 490-91. The only exceptions to this per se rule are when the amendment reduces the charge to a lesser included offense or to a lesser degree of the same charge. *See generally State v. Markle*, 118 Wn.2d 424, 431-33, 823 P.2d 1101 (1992).[1] That is

---

[1]There has been some confusion in the case law as to when the *Pelkey* rule is triggered, *i.e.*, at the close of the State's case in chief or upon commencement of trial. Some have even questioned whether *Pelkey*'s per se rule survives *Schaffer* or whether a showing of prejudice is now required whenever a midtrial amendment is allowed. *State v. Schaffer*, 120 Wn.2d at 623 *et seq.* (Johnson, J., dissenting). These questions are of no import here. The amendment came before the jury was empaneled.

not the situation here. Mr. Alvarado had notice before trial of what he must defend against, although he suggests to the contrary in briefing:

> The Defendant was charged by the original Information with Possessing Stolen Property. No motion, no order, no consideration was given to any amendment by the trial court until the first day of trial.

This is true, but notice to the trial court and notice to an accused are two different questions. If Mr. Alvarado arrived at trial under the belief he was defending against a possession charge, his remedy was to seek a continuance. *Pelkey*, at 490.

Mr. Alvarado contends that the criminal rules do not allow for amendment of an information in a manner so as to allege new charges on the first day of trial. Pursuant to CrR 2.1(e) amendment may be allowed at any time up to verdict. For reasons already addressed, amendment may include new charges if accomplished pretrial and no specific prejudice accrues. Amendment here was accomplished pretrial and Mr. Alvarado has demonstrated no prejudice.

Finally, Mr. Alvarado urges that the decision to allow or deny amendment is discretionary. Relying on the maxim that discretion cannot be abused unless it is first used, Mr. Alvarado contends a request for leave to amend must be more than a bare request devoid of factual support. Rather, some cause must be shown which will allow the court to exercise its discretion. In the right case, this position might have weight. Here, however, the trial judge also presided over the probable cause hearing. He was familiar with the underlying procedural events, and familiar also with the fact counsel raised no objection until the eve of trial.

Affirmed.

SWEENEY, A.C.J., and MUNSON, J., concur.