25 P.3d 445 (2001)
106 Wash.App. 727
STATE of Washington, Respondent,
v.
Kelly Fraser TRICKLER, Appellant.
No. 19335-7-III.
Court of Appeals of Washington, Division 3, Panel Four.
June 12, 2001.
*447 William D. Edelblute, Spokane, for Appellant.
Kevin M. Korsmo, Andrew J. Metts, III, Deputy Prosecuting Attorneys, for Respondent.
*446 SCHULTHEIS, J.
Kelly Trickler appeals the judgment and sentence entered after a jury found him guilty of possession of a stolen credit card and being a felon in possession of a firearm. He contends the trial court erred when it would not allow him to plead guilty to the stolen property count and proceed to trial on only the weapon charge. He also claims the trial court abused its discretion regarding certain evidentiary issues. Because we agree the trial court abused its discretion when it admitted certain evidence at trial, we reverse the conviction and remand for a new trial.

FACTS
On February 8, 2000, Spokane police officers responded to a call for assistance regarding allegedly stolen property. They arrived at 3014 North Standard, a home owned by Thomas Wiley. Mr. Wiley explained to them that he had entered into a lease agreement with Kelly Trickler (whom he knew as Kelly Lane). After Mr. Wiley found some of his personal property missing from boxes in a storage area that was utilized by Mr. Trickler, an eviction notice was served, which required Mr. Trickler to vacate the premises on or before February 8, 2000. When Mr. Wiley arrived at the Standard residence on that date to see if Mr. Trickler had moved out, he recognized some of his personal property located inside Mr. Trickler's vehicle. Mr. Wiley then called the police.
After being informed about his landlord's allegations of stolen property, Mr. Trickler was cooperative when the police asked if they could search his car and bedroom for evidence of Mr. Wiley's missing property. Mr. Trickler voluntarily signed a consent to search card. During the search of Mr. Trickler's vehicle, several items of personal property belonging to Mr. Wiley were found. Mr. Trickler admitted that certain items found in his car did belong to Mr. Wiley and must have been put into his car by mistake. During the search, a credit card belonging to Kathleen D. Nunez was found in a black attaché case in the back of Mr. Trickler's car.
After the search of the vehicle was completed the officers returned to the house to search the room that Mr. Trickler rented. During an initial protective sweep of the room Officer Brian Tafoya noticed a .32 caliber revolver in a leather holster lying in plain view on a dresser. The officer secured it and noticed the weapon was loaded.
Mr. Trickler was arrested at the scene and transported to the jail. After some initial investigation, he was charged in the Spokane County Superior Court with second degree possession of stolen property and first degree unlawful possession of a firearm. Shortly after his arrest, Mr. Trickler allegedly phoned Mr. Wiley's son, Matt, who also lived at the residence on Standard. Matt and Mr. Trickler had been roommates for several months and Matt said he recognized Mr. Trickler's voice on the phone. Mr. Trickler allegedly told Matt that he had better get his father, Mr. Wiley, to drop the charges or Mr. Trickler would "drop" Mr. Wiley. Report of Proceedings at 167.
The State filed an amended information, which included the charge of possession of drug paraphernalia. However, the court denied the State's attempt to amend the information and add charges so close to trial. A pretrial CrR 3.5 hearing was held to determine whether any verbal statements could be suppressed. The court determined that certain statements, not relevant to this appeal, would be suppressed. It reserved its ruling on the issue of whether Mr. Trickler's alleged threat would be allowed as evidence at *448 trial until the State made an offer of proof regarding the substance and surrounding circumstances of the hearsay conversation.
Mr. Trickler's case was tried before a jury. At some point during the jury selection process, Mr. Trickler requested an opportunity to plead guilty to the possession of stolen property charge. He told the court he was willing to proceed to a trial on the merits on the weapon charge. After hearing the arguments of counsel, the court denied Mr. Trickler's request. The court also denied Mr. Trickler's motion to dismiss at the end of the State's case in chief. Mr. Trickler was found guilty as charged and sentenced within the standard range. This timely appeal resulted.

DISCUSSION
Mr. Trickler first contends that the trial court erred when it denied his request to enter a guilty plea to the possession of stolen property charge after the trial had begun. He claims that he has a right to plead guilty pursuant to CrR 4.2(a), and the trial court's violation of this right was prejudicial. The State responds that Mr. Trickler has demonstrated neither a legal right, which the trial court transgressed, nor resulting prejudice from the trial court's denial of his request to plead guilty.
There is no constitutional right to enter a guilty plea. State v. Ford, 125 Wash.2d 919, 923, 891 P.2d 712 (1995). However, this state has established a right to plead guilty through the adoption of CrR 4.2(a) (defendant may, at arraignment, plead not guilty, not guilty by reason of insanity, or guilty). In State v. Martin, 94 Wash.2d 1, 5, 614 P.2d 164 (1980), the Supreme Court held: "[W]e have been informed of no statute or rule of court which grants a trial court authority to decline a plea of guilty made competently, knowingly, voluntarily, unconditionally, unequivocally and on advice of counsel." Mr. Trickler urges the panel to follow that rule of law. That holding, however, was modified in State v. James, 108 Wash.2d 483, 488, 739 P.2d 699 (1987) (unconditional right to plead guilty does not apply in subsequent proceedings if defendant voluntarily, knowingly, and intelligently enters a plea of not guilty at arraignment).
Although the arraignment hearing was not transcribed for the record it is clear that Mr. Trickler pleaded not guilty because the case proceeded to trial. As such, Mr. Trickler took advantage of his unconditional right to enter a plea at arraignment pursuant to CrR 4.2(a). Following the reasoning of James, the trial court was not required to accept his change of plea during the jury selection process. As such, the trial court did not abuse its discretion when it denied Mr. Trickler's request to plead guilty to the possession of stolen property charge.
Next, Mr. Trickler claims that the trial court erred when it permitted at trial evidence of numerous uncharged bad acts, such as testimony regarding items of personal property belonging to Mr. Wiley that were found in Mr. Trickler's car as he was moving out of Mr. Wiley's residence. He contends that had the trial court properly weighed the probative value of the evidence versus its prejudicial effect under ER 403 it would have been apparent that evidence of the uncharged bad acts was highly prejudicial and should not have been admitted at trial.
Evidence of other crimes, wrongs, or acts is inadmissible to prove the character of a person or to show that a person acted in conformity with that character. ER 404(b). However, such evidence may be admissible for other purposes, including intent, knowledge, or absence of mistake. Before a trial court may admit evidence of other crimes or misconduct, it must: (1) find by a preponderance of the evidence that the misconduct occurred; (2) determine whether the evidence is relevant to a material issue; (3) state on the record the purpose for which the evidence is being introduced; and (4) balance the probative value of the evidence against the danger of unfair prejudice. State v. Brown, 132 Wash.2d 529, 571, 940 P.2d 546 (1997). A trial court's decision to admit evidence of a defendant's prior acts is reviewed for abuse of discretion. State v. Barragan, 102 Wash.App. 754, 759, 9 P.3d 942 (2000).
At trial, the State was allowed to introduce evidence that several items of personal property belonging to Mr. Wiley were *449 found in Mr. Trickler's possession at the same time the credit card at issue was discovered. The parties agree that the court followed the test set forth above regarding the first three requirements. Mr. Trickler, however, contends that the balancing test, the fourth requirement, was not met, which resulted in reversible error. We agree.
The trial court must balance the probative value of the evidence against any unfair prejudicial effect and this balancing test must be conducted on the record. Doubtful cases should be resolved in favor of the defendant. State v. Wade, 98 Wash.App. 328, 334, 989 P.2d 576 (1999). From this record we cannot discern whether the trial court balanced the probative value against the prejudicial impact of the evidence of other stolen property found in Mr. Trickler's possession at the same time the stolen credit card was discovered. Our independent review leads us to conclude the evidence was more prejudicial than probative.
Mr. Trickler was being tried for being in possession of a stolen credit card belonging to Kathleen Nunez. Most of the evidence the State introduced at trial concerned items of personal property belonging to others. For example, Mr. Wiley was allowed to testify about missing surgical equipment, a seat to a Mustang automobile, an antique safe, and tools. Matt Wiley told the jury that he found some of his father's equipment and his missing pocketknife in the glove box of Mr. Trickler's car. Police officers testified that stolen checkbooks and identification cards were found in Mr. Trickler's possession. This was highly prejudicial because Mr. Trickler was not on trial for possessing any of these items.
The State claims it was necessary to introduce all the above evidence under a res gestae theory. It maintains that the discovery of the other allegedly stolen evidence was so connected in time, place, and circumstances that it was necessary for the jury to hear exactly how the police discovered the stolen credit card. 5 KARL B. TEGLAND, WASHINGTON PRACTICE: EVIDENCE LAW AND PRACTICE § 404.18, at 424 (4th ed.1999). While the events leading up to the discovery of the stolen credit card were relevant and somewhat probative, it was not shown that Mr. Trickler's possession of other allegedly stolen items was an inseparable part of his possession of the stolen credit card, which is the test commonly used in this state. Id. Furthermore, the jury's knowledge of the superfluous information was highly prejudicial to Mr. Trickler. ER 404(b) is meant to prohibit the State from attempting to use evidence of bad acts in order to prove the propensity of the defendant to commit the same type of bad act. In theory, the State probably introduced evidence of the allegedly stolen evidence (for which Mr. Trickler was not charged) in order to give the jury a complete picture of the events leading to the discovery of the stolen credit card. In practice, however, by allowing the jury to consider evidence that Mr. Trickler was in possession of a plethora of other allegedly stolen items in order for the State to prove that Mr. Trickler must have known that the credit card was also stolen, the court violated the purpose of ER 404(b). After hearing the witnesses' testimony and seeing evidence of 16 pieces of stolen property, the jury was left to conclude that Mr. Trickler is a thief. Under the specific facts of this case, we conclude the trial court abused its discretion when it admitted this evidence at trial. As a result, the conviction is reversed and the case remanded for a new trial.
Although the above issue is dispositive of the appeal, we will briefly discuss Mr. Trickler's contention regarding the alleged threat made by Mr. Trickler to Matt Wiley, as it may again be at issue in a subsequent trial. In general, "evidence that a defendant threatened a witness is normally admissible to imply guilt." State v. Bourgeois, 133 Wash.2d 389, 400, 945 P.2d 1120 (1997). This being said, however, the four-part test from Brown, 132 Wash.2d 529, 940 P.2d 546, must be applied to any attempt to admit the alleged threat. An evidentiary hearing should be held in order to determine, by a preponderance of the evidence, whether the alleged misconduct actually occurred. See State v. Binkin, 79 Wash.App. 284, 290, 902 P.2d 673 (1995). Also, just as was true in the analysis above, the court's balancing test of probative value versus prejudicial effect *450 should be made on the record to preserve potential issues on appeal.
Reversed and remanded for a new trial.
WE CONCUR: SWEENEY, A.C.J. and KATO, J.
SWEENEY, A.C.J. (dissenting).
The decision to admit evidence of other crimes is within the sound discretion of the trial judge. It will not be disturbed on appeal unless it is manifestly unreasonable or based upon untenable grounds or reasons. State v. Brown, 132 Wash.2d 529, 571-72, 940 P.2d 546 (1997).
Under the res gestae or "same transaction" exception to ER 404(b), evidence of other crimes is admissible to complete the story of a crime or to provide the immediate context for happenings near in both time and place to the crime. State v. Fish, 99 Wash. App. 86, 94, 992 P.2d 505 (1999), review denied, 140 Wash.2d 1019, 5 P.3d 9 (2000). The idea underlying res gestae is that the jury is entitled to have the complete "mosaic." And each piece of the mosaic is, for that reason, admissible. State v. Powell, 126 Wash.2d 244, 263, 893 P.2d 615 (1995). That is precisely what the trial judge did here and for that reason I respectfully dissent.
The prejudice ER 404(b) seeks to avoid is not that the evidence tends to prove the defendant is guilty. The unfair prejudice is that the jury is induced to believe the defendant is a bad person and to infer that he is therefore guilty. State v. Saltarelli, 98 Wash.2d 358, 363, 655 P.2d 697 (1982) (using prior sex convictions to imply defendant is abnormal and cannot help himself). However, the defendant who commits a string of connected offenses may not force the prosecution to present a "truncated or fragmentary version" of the charged offense by arguing that evidence of other crimes is inadmissible because it only tends to show the defendant's bad character. State v. Lane, 125 Wash.2d 825, 832, 889 P.2d 929 (1995) (citing State v. Tharp, 27 Wash.App. 198, 205, 616 P.2d 693 (1980), aff'd, 96 Wash.2d 591, 637 P.2d 961 (1981)). You cannot prejudice a defendant before the jury by proving general bad character, or particular acts of crime other than the one for which he is being tried. The commission of uncharged conduct cannot be introduced merely for the purpose of inducing the jury to believe that he is guilty of the latter, because he committed the former. However, evidence of uncharged criminal conduct that is inseparable from a whole criminal scheme is both relevant and admissible. Tharp, 27 Wash.App. at 205, 616 P.2d 693. Any evidence that tends directly to establish guilt of the crime charged is admissible, even though it also tends to show him guilty of another and distinct offense. State v. King, 111 Kan. 140, 206 P. 883, 885 (1922), cited in Lane, 125 Wash.2d at 832, 889 P.2d 929.
When police searched Kelly Trickler's car, they found a number of stolen items in addition to the credit card he was charged with stealing. Mr. Trickler denied any knowledge that the items were stolen and told the police they all belonged to him.
The court held a hearing and discussed the question whether those stolen items for which Mr. Trickler had not been charged should be admitted under the res gestae exception to ER 404(b). The State argued that the other conduct was "so connected in time[,] place and circumstances and means employed that other conduct completes the picture ... or constitutes proof of the history of the crime charged." Report of Proceedings (RP) at 99. And further to permit the defendant to simply present to the jury a single stolen item among a number of stolen items would be an incomplete picture and tend to support the defendant's theory of the casethat he did not know the credit card was stolen. RP at 99-100. The trial judge first concluded that the evidence was relevant:
It would appear that applying that simple test, as I suggested in the illustration, that when one item is found among an entire series or larger set of stolen items or allegedly stolen items, that it tends to make the determination of the issue of knowledge more probable than it would be without the evidence.
RP at 107. The court also noted that the evidence was admissible for precisely the *451 policy reason underlying the res gestae exception: "[I]n order that the jury may properly assess and weigh in context the issue of knowledge in the case." RP at 108.
The court then as required by ER 403 considered the prejudicial effect of any such evidence:
Now, the final thing we have to look at is an application of rule 403. That is the rule that indicates that some matters, although they are relevant, may be highly relevant, are excludable because, on balance, they involve issues of unfair prejudice.
RP at 108. With that, the court refused to admit statements the defendant had made about working off drug charges for the drug unit. But it then concluded that "the [S]tate may introduce evidence of the alleged stolen character of the other items that were found in the defendant's actual or constructive possession, those being of various nature but, apparently and allegedly, stolen, those are admissible." RP at 110.
In my judgment, that is an adequate expression of tenable grounds to support the judge's decision that stolen items, other than the credit card with which he was charged, which were found by police at the same time and in the same location are admissible under the res gestae exception to ER 404(b). In addition to supporting the element of knowledge, that is knowledge that the property in the defendant's possession was stolen, it also completes the mosaic here. Powell, 126 Wash.2d at 263, 893 P.2d 615. The trial judge did not abuse his considerable discretion.
I would affirm the conviction.