# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON ,<br><br>　　　　　Respondent,<br><br>v.<br><br>JAMES LEON DIXON,<br><br>　　　　　Appellant. | No. 69629-7-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION<br><br>FILED: January 13, 2014 |

APPELWICK, J. — During Dixon's trial for possession of controlled substances, the court admitted evidence that he also possessed over $1,200 in cash when he possessed the controlled substances. The court did not abuse its discretion in admitting that evidence. Dixon did not preserve his challenge to a witness' reference to a motion to seize the cash as "unlawful drug proceeds." We affirm his conviction for possession of a controlled substance.

## FACTS

On May 3, 2012, undercover police officers patrolling an area in downtown Everett known for drug trafficking saw James Dixon on the sidewalk. The officers knew Dixon was prohibited from being in that area and called for uniformed officers to assist. Everett Police Officer Michael Drake and his partner responded and approached Dixon, who they knew from a prior encounter.[1] When Dixon saw the officers, he shuffled his feet as if he was preparing to flee in the opposite direction. Officer Drake told him to stop. Dixon then turned and walked toward Officer Drake and a garbage can. Officer Drake drew his firearm

---

[1] The officers were aware that Dixon was on community custody with a condition requiring him to stay out of drug areas, but the jury was simply told the police had a lawful reason to contact him.

and again told Dixon to stop and to move away from the garbage can. Officer Drake saw Dixon drop a small light colored object from a clenched hand into the garbage can. On cross-examination, he conceded that his written report stated that Dixon opened his hand, but did not state that something fell out of it.

The officers then detained and handcuffed Dixon. Officer Duane Wantland, who observed the incident from across the street, approached and removed the lid from the garbage can. He "pretty quickly" found a baggie that appeared to contain a controlled substance. About a minute later, he found a different kind of baggie containing a different substance. Field tests and subsequent forensic tests showed that the substances were methamphetamine and cocaine. During a search incident to Dixon's arrest, the officers found a cell phone and $1,255 in cash on his person.

The State charged Dixon with possession of a controlled substance, "cocaine and methamphetamine." Prior to trial, the court granted Dixon's motion to exclude any evidence of other convictions, infractions, or bad acts. The court denied Dixon's motion to prohibit testimony about the cell phone and cash found on his person. Dixon argued that the evidence was not relevant and was highly prejudicial, because it painted him as "a criminal person." The State countered that the evidence was relevant to the possession charge because it showed drug activity connected to possession of drugs. The court concluded the evidence was more probative than prejudicial.

At trial, the court admitted the baggies and Dixon's cell phone as exhibits. The cash, however, was not offered into evidence. In an attempt to explain its

2

absence, the prosecutor asked Officer Wantland why the cash had not been in the evidence room with the other items. Defense counsel objected on relevance grounds. Following an offer of proof in which the prosecutor showed the court and counsel a "notice of seizure and intended forfeiture regarding the money," the court overruled the objection. Officer Wantland then explained that

> the currency was seized -- or moved to seize for <u>unlawful drug proceeds</u>. When that happens, that money is taken by the property room and usually put into a bank account so it's drawing interest until that seizure. It's a civil case, that seizure of <u>drug proceeds</u> is. And so once that's completed . . . it is in an interest-bearing account instead of sitting stagnant in the property room.

(Emphasis added.) Defense counsel did not object to the witness' references to unlawful drug proceeds.

In closing argument, defense counsel argued in part as follows:

> Now, they also didn't find any paraphernalia on Mr. Dixon or in the trash can. Why is that important? Well, we talked about this actually in voir dire. Somebody had mentioned -- actually the prosecutor brought this up, what's common for people to use drugs, what they may have on them, what they don't have on them, and somebody had commented that it's common for somebody who used drugs will have some type of apparatus to use those drugs with. Now, there weren't any paraphernalia found on Mr. Dixon or in the trash can.

The jury found Dixon guilty as charged. He appeals.

## DECISION

Dixon first contends the trial court abused its discretion in admitting evidence that he possessed $1,255 in cash at the time of his arrest.[2] He

---

[2] The admissibility of evidence is within the discretion of the trial court, and a reviewing court will reverse only when the trial court abuses its discretion. <u>State v. Atsbeha</u>, 142 Wn.2d 904, 913-914, 16 P.3d 626 (2001). An abuse of discretion occurs only when no reasonable person would take the view adopted by the trial court. <u>Id.</u>

3

contends his possession of cash was not relevant to or probative of the crime of possessing a controlled substance, was more prejudicial than probative, and was an inadmissible prior bad act under ER 404(b). There was no abuse of discretion.

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." ER 401. In addition, a fact bearing on the credibility or probative value of other evidence is relevant. State v. Rice, 48 Wn. App. 7, 12, 737 P.2d 726 (1987). In this case, the fact that Dixon possessed a very large amount of cash in an area known for drug dealing together with his furtive gesture upon seeing the police, supported inferences that he was purchasing or selling drugs. Either inference made his possession of the drugs found in the garbage can more likely and explained why he possessed no drug paraphernalia. It was thus relevant evidence.

Relevant evidence may be excluded, however, "if its probative value is substantially outweighed by the danger of unfair prejudice." ER 403. The incident occurred in an area known for drug trafficking. Dixon started to flee when he saw police. Dixon possessed no drug paraphernalia. And, Dixon was charged with possessing two different drugs in different packaging. Given these facts, his possession of a cell phone and $1,255 in cash was highly probative of whether he possessed the substances found in the garbage can. Clearly, the evidence was also prejudicial. However, we cannot say it was an abuse of

4

discretion to conclude that its probative value was not substantially outweighed by the danger of unfair prejudice.

Dixon also contends the evidence was inadmissible under ER 404(b). He did not directly challenge the evidence on this basis below.[3] A party who objects to evidence on one ground may not raise a different ground for that objection on appeal. State v. Mason, 160 Wn.2d 910, 933, 162 P.3d 396 (2007) (objection solely on relevancy grounds did not preserve an ER 404(b) challenge on appeal), abrogated on other grounds by Giles v. California, 554 U.S. 353, 128 S. Ct. 2678, 171 L. Ed. 2d 488 (2008). And, this court will not review a claim raised for the first time on appeal unless it involves manifest error affecting a constitutional right. RAP 2.5(a). Because evidentiary errors under ER 404(b) are not constitutional error, review of Dixon's new claim is precluded. State v. Gresham, 173 Wn.2d 405, 432-33, 269 P.3d 207 (2012).

But, even if Dixon had preserved the error, he could not show a manifest abuse of discretion. Under ER 404(b), "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Such evidence may be admissible, however, as res gestae evidence "'if it is so connected in time, place, circumstances, or means employed that proof of such other misconduct is necessary for a complete

---

[3] In his trial brief, Dixon asked the court to "[p]rohibit any State's witnesses from testifying about what was found or not found on Mr. Dixon" under "ER 401, 402, 403." During argument on the motion, defense counsel argued relevance and prejudice. While counsel also argued that State v. Trickler, 106 Wn. App. 727, 25 P.3d 445 (2001) supported her argument, she never mentioned or advanced any argument based on ER 404(b).

description of the crime charged, or constitutes proof of the history of the crime charged.'" State v. Schaffer, 63 Wn. App. 761, 769, 822 P.2d 292 (1991) (quoting 5 K. Tegland, Wash. Prac. § 115, at 398 (3d ed. 1989)), aff'd, 120 Wn.2d 616, 828 P.2d 281 (1993).

Assuming without deciding that Dixon's possession of a large amount of cash is evidence of other "crimes, wrongs, or acts" within the meaning of ER 404(b),[4] it was nevertheless admissible as part of the res gestae of the offense. The principal issue in this case was whether Dixon previously possessed the drugs found in the garbage can. The items on Dixon's person at the moment he allegedly sloughed the drugs were integral to the resolution of that issue. In particular, items associated with drug activity tended to establish a connection between Dixon and the drugs and explained why he possessed no drug paraphernalia—a point the defense emphasized in closing and discussed during voir dire. The evidence thus completed the story of the offense. See State v. Jordan, 79 Wn.2d 480, 482-83, 487 P.2d 617 (1971) (in prosecution for possession of codeine pills, evidence of needle marks, drug paraphernalia, and methamphetamine either on the defendant's person or in close proximity to him was "'an inseparable part of the whole deed'" (quoting State v. Niblack, 74 Wn.2d 200, 206, 443 P.2d 809 (1968))); State v. Flenoid, 838 S.W.2d 462, 467-68 (Mo.

---

[4] Unlike most evidence offered under ER 404(b), res gestae evidence is not evidence of unrelated prior criminal activity but rather a part of the crime charged. State v. Sublett, 156 Wn. App. 160, 196, 231 P.3d 231 (2010), aff'd, 176 Wn.2d 58. Division Two of this court has held that such evidence is "not 'prior misconduct' of the type generally inadmissible under ER 404(b)." State v. Grier, 168 Wn. App. 635, 647, 278 P.3d 225 (2012).

App. 1992) (where defendant was charged with possession of a controlled substance and unlawful use of a weapon, evidence that he carried a beeper and cash was "part of the res gestae of the charge being tried" and was "admissible to present a complete and coherent picture of events surrounding the possession of the cocaine and weapon.").

A case cited by Dixon—State v. Trickler, 106 Wn. App. 727, 25 P.3d 445 (2001)—is distinguishable. The State charged Trickler with possession of a stolen credit card. Id. at 733. In addition to the credit card evidence, the trial court admitted evidence that 16 other items belonging to victim's other than the credit card owner were found in Trickler's actual or constructive possession. Id. at 734. In reversing, the Trickler court noted that the trial court had not balanced the prejudicial and probative value of the evidence, had admitted "a plethora" of other uncharged acts, and that the State had not shown that Trickler's possession of the other stolen items was an inseparable part of the charged offense. Id. Here, by contrast, after balancing its probative and prejudicial values the court admitted a single piece of evidence, the possession of which was not itself a crime. As discussed above, the evidence was part of the res gestae of the charged offense. Trickler is not applicable here.

Dixon also argues for the first time on appeal that testimony referring to the cash as "unlawful drug proceeds" denied him a fair trial. Again, he fails to carry his burden of demonstrating a basis to raise this alleged error for the first time in this court. He provides no argument as to whether the testimony was manifest constitutional error. And, even assuming the alleged error was of

7

constitutional magnitude, Dixon cannot demonstrate *manifest* error, i.e., an error that had practical and identifiable consequences in the trial, for several reasons. State v. Lynn, 67 Wn. App. 339, 345, 835 P.2d 251 (1992).

First, the testimony merely suggested what the jury could already infer from the amount of drug trafficking in the area, the large amount of cash, and Dixon's reaction to police—i.e., that Dixon was either purchasing or selling drugs. Second, the witness did not testify that the money was in fact unlawful drug proceeds. Rather, the witness testified that proceedings to seize the money as unlawful drug proceeds had been initiated. And, finally, the references were isolated and the prosecutor did not repeat them in closing argument. Any constitutional error was not manifest.

Affirmed.

_Appelwick, J._

WE CONCUR: