[No. 9558-4-III. Division Three. November 21, 1989.]

THE STATE OF WASHINGTON, *Respondent,* v. TANYA ELAINE RHODE, *Petitioner.*

*Ricky L. Hoffman,* for petitioner.

*Jeffrey C. Sullivan, Prosecuting Attorney,* and *B. David Sherman, Deputy,* for respondent.

GREEN, J.—Tanya Elaine Rhode was granted discretionary review of the court's withdrawal of an earlier accepted plea of guilty. We reverse.

By information dated June 3, 1988, Mrs. Rhode was charged with second degree murder of her husband, Brian Rhode. At her July 25 plea hearing, based upon a plea agreement, the State informed the court it had filed an amended information charging Mrs. Rhode with second degree manslaughter and if the court accepted the reduced charge, Mrs. Rhode was prepared to enter a plea of guilty.

The court asked Mrs. Rhode if she had any questions about the charge and if she was prepared to enter a plea. Mrs. Rhode responded she had no questions and pleaded guilty to the charge. The court then asked the State if any reason existed for the court not receiving the plea of guilty. The State answered in the negative. The court then inquired whether the plea was supported by the facts. The State responded it was and detailed the events for the court: On April 19, 1988, Mr. Rhode died from a single gunshot wound from a .22 caliber rifle. The State's investigation revealed Brian and Tanya Rhode were involved in a domestic argument. Mrs. Rhode had stated to detectives that when Mr. Rhode made a "motion to or started to throw a soup can partially full of milk at her . . .", she "jumped aside or in some way the gun went off and the one round struck her husband . . .". The deputy prosecuting attorney then recommended a sentence within the standard range of the sentencing guidelines.

Counsel for Mrs. Rhode submitted to the court Mrs. Rhode's statement on plea of guilty in which she explained the incident in her own words:

On April 19, 1988, in Yakima County, while my husband, Brian Rhode, and I were involved in a domestic argument, without intending to harm or assault him or anyone, I armed myself in an attempt to get his attention and to have a gun in case I need it for protection. Although my husband made a motion to throw something at me, he did not make a threat of serious bodily harm. When he made the motion toward me, I reacted with a surprised movement and the gun went off, injuring him, an injury from which he eventually died.

Mrs. Rhode signed the document and the judge signed below the following paragraph:

The foregoing statement was read by or to the defendant and signed by the defendant in the presence of his or her attorney, and the undersigned Judge, in open court. The court finds the defendant's plea of guilty to be knowingly, intelligently and voluntarily made, that the court has informed the defendant of the nature of the charge and the consequences of the plea, that there is a factual basis for the plea, and that the defendant is guilty as charged.

The court then stated: "The plea of guilty will be received."

The court immediately turned to sentencing. The deputy prosecuting attorney presented the court with impact statements and informed the court that Mr. Rhode's work supervisor and mother wished to address the court. Following these presentations, the deputy prosecuting attorney explained the reasons for the State's recommendation of a 14–month sentence, which is within the standard range. Counsel for Mrs. Rhode added certain details: The Rhodes had been married approximately 6 years, they were very dependent on each other, and they argued a lot. Counsel also requested that in fixing the sentence the court consider mitigating circumstances. The facts of the shooting that were previously presented to the court were again outlined for the court.

The court then stated:

It has been this Court's outspoken belief since the legislature first adopted the Sentencing Reform Act that it was inadequate, . . .

. . . .

If there were no such thing as plea bargaining, we would be constantly in court overwhelmed with trials and so on. I do not criticize plea bargaining. However, it's very difficult for me to accept a sentencing range of 12 to 14 months for the taking of a human life under the circumstances that have been presented here. . . .

However, in view of all of the circumstances, all of the details of this case, all that this court has learned this morning, I cannot accept this plea of guilty, and I revoke my previous order that approves of that plea.

The dispositive issue is whether the court erred in revoking its previous acceptance of Mrs. Rhode's guilty plea.

CrR 4.2(a) confers upon a defendant the right to plead guilty. Section (d) of CrR 4.2 states:

The court shall not accept a plea of guilty, without first determining that it is made voluntarily, competently and with an understanding of the nature of the charge and the consequences of the plea. The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea.

As explained in *State v. Osborne,* 102 Wn.2d 87, 95, 684 P.2d 683 (1984), the trial court need not be convinced beyond a reasonable doubt that the defendant is in fact guilty. It is sufficient if there is evidence from which a jury could conclude the defendant is guilty. *See State v. Newton,* 87 Wn.2d 363, 370, 552 P.2d 682 (1976).

The question of judicial discretion to grant or deny a motion to reduce a charge reached as part of a plea agreement was addressed in *State v. Martin,* 94 Wn.2d 1, 5, 614 P.2d 164 (1980), wherein the court stated:

[W]e have been informed of no statute or rule of court which grants a trial court authority to decline a plea of guilty made competently, knowingly, voluntarily, unconditionally, unequivocally and on advice of counsel.

With the passage of the Sentencing Reform Act of 1981 (SRA), the Legislature mandated that a prosecutor's agreement to reduce a charge is subject to the court's acceptance in the interests of justice. 13 R. Ferguson, Wash. Prac.,

*Criminal Practice and Procedure* § 3206 (1984). RCW 9.94A.090(1) provides:

> If a plea agreement has been reached by the prosecutor and the defendant pursuant to RCW 9.94A.080, they shall at the time of the defendant's plea state to the court, on the record, the nature of the agreement and the reasons for the agreement. *The court, at the time of the plea, shall determine if the agreement is consistent with the interests of justice* and with the prosecuting standards. If the court determines it is not consistent with the interests of justice and with the prosecuting standards, the court shall, on the record, inform the defendant and the prosecutor that they are not bound by the agreement and that the defendant may withdraw the defendant's plea of guilty, if one has been made, and enter a plea of not guilty.

(Italics ours.) Accordingly, pleas made voluntarily, competently, and with an understanding of the nature of the charge are to be accepted by the court if the agreement is consistent with the interests of justice and prosecuting standards. If not consistent, the authority of the court is limited to informing the defendant and prosecutor they are not bound by the agreement. It is up to the defendant to withdraw the plea, not the court.

 In the present case, the court found Mrs. Rhode's plea of guilty to be knowingly, intelligently and voluntarily made. Additionally, the court indicated there was a factual basis for her plea and signed its acceptance of the plea. The record does not indicate the court subsequently heard any conflicting or additional facts to alter its finding there was a factual basis for the plea or that the plea was not consistent with the interests of justice and prosecuting standards. The court's withdrawal of its prior acceptance of the guilty plea, albeit within a 15- to 20-minute time span, was instead based on its disapproval of and objection to the 12- to 14-month sentence Mrs. Rhode would receive under the SRA. In these circumstances, the court erred by withdrawing its acceptance of the plea which it earlier found to be factually based and knowingly, intelligently and voluntarily made.

The order withdrawing the plea is reversed.

THOMPSON, C.J., and SHIELDS, J., concur.