[No. 68465-1. En Banc.]
Argued June 27, 2000. Decided October 12, 2000.

THE STATE OF WASHINGTON, *Respondent*, v. JEREMY JOHN
CONWELL, *Petitioner*.

*Melvin D. Hoit*, for petitioner.

*James H. Kaufman, Prosecuting Attorney for Whitman County*, for respondent.

IRELAND, J. — In this case, we determine when a defendant has the right to plead guilty at arraignment to the charges filed against him. We find that the trial court erred by refusing to allow the defendant to plead guilty to the gross misdemeanors charged in the original information. We reverse the Court of Appeals' decision and remand to the superior court.

## FACTS

Ricky Fratenich hit the defendant, Jeremy Conwell, in the face at a drinking party in a Spokane park on the night of June 26, 1997. As he was leaving, Conwell believed that several people from the party were threatening him. Conwell retreated toward his vehicle, pulled out a concealed handgun, and fired. Although Conwell stated that he fired toward the ground in order to warn the partygoers to scatter, Fratenich was shot as he approached. Fratenich died the next morning of the gunshot wounds.

## PROCEDURAL HISTORY

The State initially charged Conwell with second degree

manslaughter in district court. Negotiations during the following weeks led to an agreement by which the prosecutor would charge Conwell in superior court with a dangerous weapon violation (carrying a .45 caliber handgun with intent to conceal it) and with second degree reckless endangerment. In return for Conwell's guilty plea to both counts, the prosecutor agreed to make the following recommendation to the court:

> Sentences on Counts I and II run concurrently, all jail time suspended except for 90 days with credit for 15 days served, remainder served in home detention or work release, no additional fine (other than court costs/victim assessment), 2 years probation.

Clerk's Papers (CP) at 9 (Statement of Defendant on Plea of Guilty).[1]

The State filed an information charging the two gross misdemeanors in superior court on September 24, 1997. Five days later, Conwell appeared before Judge Kathleen O'Connor for arraignment and to enter his guilty plea. At the morning hearing, the judge inquired as to Conwell's competence, his understanding of the charges and consequences of a guilty plea, and the voluntariness of his plea. The court confirmed Conwell's understanding of the plea agreement (as set out in the Statement of Defendant on Plea of Guilty) and informed Conwell that the court was not bound by the terms of that agreement.

Conwell was then questioned about his plea:

> THE COURT: Now, is it your wish, then, to plead guilty to one charge of dangerous weapon violation and one charge of second-degree reckless endangerment?
>
> THE DEFENDANT: Yes, ma'am.

Report of Proceedings (RP) at 31.

---

[1] The same document includes the following signed statement by Conwell:

I had a weapon concealed on my person and after I was punched in the eye, I fired three warning shots towards the ground.

Clerk's Papers (CP) at 10.

After reviewing the factual basis for the plea, the court expressed reluctance to accept it:

THE COURT: So, Counsel, I'm very uncomfortable taking this plea based on the information I have. I'm not suggesting I won't, but I need more information.

RP at 36.

The hearing was then adjourned to allow the judge to review additional materials, including the police report, emergency room report, and autopsy report.[2]

When the hearing reconvened that afternoon, the judge confirmed that the charges had a factual basis:

THE COURT: There's ample evidence in the police reports that I've reviewed to support the charges that are before the Court.

RP at 46.

Nevertheless, after hearing argument, the judge rejected both the plea agreement and the proffered plea. The court's rationale was as follows:

THE COURT: I think the real question is whether or not there was a justification for using any kind of a weapon . . . . I think that issue remains, and it's just not an issue I'm comfortable with taking a plea on, not when there's the use of a weapon and the resulting death of another human being . . . .

RP at 48.

The defendant was then arraigned on the two gross misdemeanors charged in the information. The court entered a plea of not guilty to both counts, and the defendant did not object.

On December 11, 1997, the State moved to amend the information to one count of first degree manslaughter. Conwell opposed the motion and moved to be allowed to plead guilty to the charges in the original information.

Judge Tari Eitzen heard argument on the parties' motions on January 15, 1998. At that time, the State explained

---

[2] The only document available in the court file at the beginning of the hearing was the information which had been filed on September 24, 1997.

its motion to amend as follows:

> THE COURT: Now, Mr. Rollins, did something happen between this date [September 29, 1997] and your Motion to Amend in terms of newly discovered information?
>
> MR. ROLLINS: I would say that probably the newly discovered information, Your Honor, would be probably that there was not a meeting of the minds between our office and the family of the victim . . . . I did not communicate directly to the family what, in fact, we were going to do. And when we went in front of Judge O'Connor, the family was there. That was when they expressed surprise, dismay, anger, whatever, with me.

Verbatim RP (Jan. 15, 1998 Hr'g Tr.) at 16-17.

The court granted the State's motion to amend and denied Conwell's motion to plead guilty to the charges set out in the original information.

Conwell moved for discretionary review by the Court of Appeals. Review was granted, and, in a split decision, the Court of Appeals affirmed the superior court's rulings. *State v. Conwell*, 96 Wn. App. 457, 460, 980 P.2d 268 (1999). The majority held that, although Judge O'Connor did not follow the letter of the law governing the rejection of plea agreements, Conwell effectively acquiesced in the entry of the not guilty plea to the original charges.

This Court granted Conwell's petition for review of the Court of Appeals' decision.

## ANALYSIS

### Standard of Review

■ The essential facts in this case are not in dispute. The issue is whether Conwell was deprived of his rule-based right to plead guilty to the original charges. "Application of a court rule to a particular set of facts is a question of law, subject to de novo review." *State v. Ledenko*, 87 Wn. App. 39, 42, 940 P.2d 280 (1997).

### Superior Court Criminal Rules and Statutory Language

The first step in determining whether Conwell was de-

prived of his rule-based right to plead guilty is to examine the applicable rules.

Washington's Superior Court Criminal Rules (CrR) govern the procedure in our courts of general jurisdiction for all criminal proceedings. CrR 1.1. CrR 4.2, which governs pleas made prior to trial, states:

> (a) **Types.** A defendant may plead not guilty, not guilty by reason of insanity or guilty.
>
> . . . .
>
> (d) **Voluntariness.** The court shall not accept a plea of guilty, without first determining that it is made voluntarily, competently and with an understanding of the nature of the charge and the consequences of the plea. The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea.
>
> (e) **Agreements.** If the defendant intends to plead guilty pursuant to an agreement with the prosecuting attorney, . . . [t]he validity of the agreement under RCW 9.94A.090 may be determined at the same hearing at which the plea is accepted.
>
> (f) **Withdrawal of Plea.** . . . If the defendant pleads guilty pursuant to a plea agreement and the court determines under RCW 9.94A.090 that the agreement is not consistent with (1) the interests of justice or (2) the prosecuting standards set forth in RCW 9.94A.430-.460, the court shall inform the defendant that the guilty plea may be withdrawn and a plea of not guilty entered.

█ A provision of RCW 9.94A.090, a statute that mandates procedure for the plea agreements of felony offenders, becomes applicable to the gross misdemeanors in this case by reference to the statute in CrR 4.2(e) and (f). The provision states:

> The court, at the time of the plea, shall determine if the agreement is consistent with the interests of justice and with the prosecuting standards.

RCW 9.94A.090(1).

██ The right to plead guilty has been established in Washington by court rule. *State v. Martin*, 94 Wn.2d 1, 4,

614 P.2d 164 (1980) ("CrR 4.2(a) provides for the types of pleas which may be accepted at arraignment.").

However, the right to plead guilty at arraignment is qualified by the court's duties, also outlined in the rule. Specifically, before a plea can be accepted, the court must determine whether the plea "is made voluntarily, competently and with an understanding of the nature of the charge and the consequences of the plea." CrR 4.2(d). In addition, the court must be "satisfied that there is a factual basis for the plea." *Id.* As confirmed by this court in *State v. Ford*:

> CrR 4.2(d) makes the trial court an independent actor in the process and requires an independent weighing both of the voluntariness of the plea and its factual basis.

125 Wn.2d 919, 927, 891 P.2d 712 (1995).

Finally, before accepting a guilty plea made pursuant to a plea agreement, the court "shall determine if the agreement is consistent with the interests of justice and with the prosecuting standards." RCW 9.94A.090(1). In the event a court rejects a plea agreement as inconsistent with the interests of justice, the rule provides that "the court shall inform the defendant that the guilty plea may be withdrawn and a plea of not guilty entered." CrR 4.2(f).

Defendant's Plea of Guilty and Plea Agreement

After examining the rules' requirements, the next step is to determine whether the court complied with the requirements.

In this case, the court properly applied CrR 4.2(d) and (e) when it determined that Conwell's guilty plea was being made voluntarily, competently, and knowingly, and that there was a factual basis for the plea. It appears that Judge O'Connor rejected the plea agreement as inconsistent with the interests of justice.

However, the court erred by failing to comply with CrR 4.2(f). When the court rejected the proposed plea agreement, it neither informed Conwell that his guilty plea could

be withdrawn nor allowed him the opportunity to enter a plea to the charges without a plea agreement. Because these were the original charges, and no amendment was required, Conwell had the right to plead unconditionally. Instead, the court, sua sponte, entered a plea of not guilty without Conwell's assent.

For purposes of a CrR 4.2 analysis, it is critical to distinguish between a plea agreement and a guilty plea. While the court has the discretion to reject a plea agreement it finds inconsistent with the interests of justice, the court does not have discretion to reject a valid guilty plea offered notwithstanding that agreement. Informing the defendant of his options is all that the court may do after rejecting a plea agreement. "It is up to the *defendant* to withdraw the plea, not the court." *State v. Rhode*, 56 Wn. App. 69, 73, 782 P.2d 567 (1989) (emphasis added); *see also* DAVID BOERNER, SENTENCING IN WASHINGTON § 12.25, at 12-50 (1985).[3]

The majority of the Court of Appeals said that Conwell "acquiesced to the court's entry of the not guilty plea in order to pursue the benefits of his plea arrangement with the State." *Conwell*, 96 Wn. App. at 465. The record does not reveal the reason or reasons Conwell did not object when the court entered a not guilty plea. Conwell was neither told of his plea choices nor allowed to enter his guilty plea. Given the court's affirmative duties as set out in CrR 4.2(f), Conwell cannot be deemed to have entered a not guilty plea by mere "acquiescence."

---

[3] Professor Boerner states:

> The effect of a judicial finding that a proposed plea agreement is not consistent with the interests of justice or with the prosecuting standards is thus to reject the plea agreement, but not necessarily the plea of guilty offered pursuant to it. The decision as to whether to plead guilty remains the defendant's, assuming of course that the plea of guilty is otherwise valid.

BOERNER § 12.25, at 12-50.

The sequence of events in the instant case is slightly different. Conwell had indicated he wished to plead guilty, but his plea had not been accepted. In fact, as the court noted, he had not even been arraigned. Therefore, the defendant was not in a position to "withdraw" his plea. Rather, he should have been allowed to enter his own plea.

## CONCLUSION

The trial court properly determined that Conwell's plea was made voluntarily, competently, and knowingly, and that the plea had a basis in fact. The court advised the defendant of the potential consequences of a guilty plea and that the sentencing court would not be bound by the terms of the plea agreement between the State and the defendant.

The court acted within its authority in effectively rejecting the proposed plea agreement as inconsistent with the interests of justice. However, once the plea agreement had been rejected, the court was compelled by CrR 4.2(f) to give the *defendant* the choice to plead not guilty to the charges or to adhere to his guilty plea. The court erred when it imposed a plea of not guilty without giving the defendant a voice.

Consequently, we reverse the Court of Appeals' ruling and remand the case to the superior court to: (1) vacate the order amending the original information; and (2) allow the defendant to enter a plea to the gross misdemeanor charges originally filed in that information.

GUY, C.J., and SMITH, JOHNSON, MADSEN, ALEXANDER, TALMADGE, SANDERS, and BRIDGE, JJ., concur.