[No. 19283-1-III.   Division Three.   May 8, 2001.]

THE STATE OF WASHINGTON, *Respondent*, v. JOSH J. HUBBARD, *Petitioner*.

150

*Susan M. Gasch*, for petitioner.

*Steven J. Tucker, Prosecuting Attorney*, and *Kevin M. Korsmo, Deputy*, for respondent.

SWEENEY, A.C.J. — A plea must be voluntarily, knowingly, and intelligently entered. An *Alford*[1] plea is by definition equivocal. It is nonetheless acceptable if factually supported. *In re Personal Restraint of Montoya*, 109 Wn.2d 270, 280-82, 744 P.2d 340 (1987). Here, Josh J. Hubbard attempted to enter a plea to first degree theft other than with a firearm, a crime charged in the information along with second degree robbery. The court refused Mr. Hubbard's *Alford* plea because of the serious nature of the charge and Mr. Hubbard's refusal to accept responsibility for his crime. The question before us is whether the court can reject an otherwise factually supported *Alford* plea. We conclude it cannot. We therefore reverse and remand with instructions to accept the *Alford* plea.

## FACTS

Josh Hubbard was born in 1983. He is a juvenile. Robin Cook took money from another person. Mr. Hubbard was with him. Mr. Hubbard claimed he walked away from the incident once he realized Mr. Cook's intent, and was approximately one block away when the theft occurred. The State maintained that Mr. Hubbard actively participated in the robbery by grabbing the victim and going through his pockets.

The State charged Mr. Hubbard on November 4, 1999, with one count of second degree robbery[2] and, in the alternative, one count of first degree theft other than a

---

[1] *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

[2] RCW 9A.56.210.

firearm.[3] Mr. Hubbard executed a written Waiver of In Court Arraignment on January 4, 2000. The form asked that the matter be set for trial. The superior court minutes do not show that the court entered a plea on Mr. Hubbard's behalf after he waived arraignment.

At a "change of plea" hearing, the State and Mr. Hubbard agreed that Mr. Hubbard would plead guilty to first degree theft in exchange for the State's motion to dismiss the second degree robbery charge. Mr. Hubbard wanted to enter an *Alford* plea to the theft charge.

The court concluded that his proposed plea was intelligent, knowing, voluntary, and met all of the requirements of a valid *Alford* plea. It refused, nonetheless, to accept Mr. Hubbard's *Alford* plea because of the equivocal nature of the plea. The judge opined that if Mr. Hubbard was guilty he should accept responsibility for his actions and admit his guilt.

We granted discretionary review.

## DISCUSSION

Contentions. Mr. Hubbard argues that the waiver of arraignment was not tantamount to a plea of not guilty because no court rule so provides. And the court therefore erred by refusing to accept his plea. *State v. Conwell*, 141 Wn.2d 901, 907, 10 P.3d 1056 (2000).

The State responds that Mr. Hubbard's proposed plea was a "change of plea" because Mr. Hubbard effectively pleaded guilty by waiving arraignment. The State continues that the court has discretion to refuse a request for a change of plea. And because it did not abuse that discretion, the appeal should be rejected. *State v. Padilla*, 84 Wn. App. 523, 525, 928 P.2d 1141 (1997).

■ Right to Plead Guilty. Whether a defendant has been deprived of his or her rule-based right to plead guilty is a question of law, which we review de novo. *Conwell*, 141 Wn.2d at 906.

---

[3] RCW 9A.56.030.

■ There is no constitutional right to plead guilty. *State v. Bowerman*, 115 Wn.2d 794, 799, 802 P.2d 116 (1990); *State v. Martin*, 94 Wn.2d 1, 4, 614 P.2d 164 (1980). But a defendant has the right in Washington to plead guilty by court rule—CrR 4.2(a).[4] *Conwell*, 141 Wn.2d at 907; *Bowerman*, 115 Wn.2d at 799.

■ A defendant's right to plead guilty is lost once the defendant enters a not guilty plea that complies with CrR 4.2. *State v. James*, 108 Wn.2d 483, 488, 739 P.2d 699 (1987) ("the unconditional nature of the right to plead guilty does not apply in subsequent proceedings if the defendant voluntarily, knowingly, and intelligently enters a not guilty plea at arraignment"); *State v. Thompson*, 60 Wn. App. 662, 665, 806 P.2d 1251 (1991). A change of plea is subject to the trial court's discretion. *Padilla*, 84 Wn. App. at 525; *State v. Duhaime*, 29 Wn. App. 842, 854-55, 631 P.2d 964 (1981).

The question here is whether Mr. Hubbard's waiver of arraignment, coupled with his request for trial, is tantamount to a plea of not guilty.

*Washington Court Rules.* In district court, "[a]n appearance that waives arraignment but fails to state a plea shall be deemed to constitute entry of a plea of not guilty." CrRLJ 4.1(d)(2). But there is no such superior court or juvenile court rule. Juvenile court arraignment and pleas are governed by the superior court rules. JuCR 7.6(a), (b).

■ We use the same approach to interpret court rules as we do to interpret statutes. *State v. Hutchinson*, 111 Wn.2d 872, 877, 766 P.2d 447 (1989) (rules of statutory construction apply to court rules). And so "[t]he omission of a similar provision from a similar statute usually indicates a different legislative intent." *Clallam County Deputy Sheriff's Guild v. Bd. of Clallam County Comm'rs*, 92 Wn.2d 844, 851, 601 P.2d 943 (1979) (citing 2A C. DALLAS SANDS, STATUTES AND STATUTORY CONSTRUCTION § 51.02, at 290-91 (4th ed.

---

[4] "A defendant may plead not guilty, not guilty by reason of insanity or guilty." CrR 4.2(a).

1973)); *State ex rel. Bell v. Superior Court*, 196 Wash. 428, 432-33, 83 P.2d 246 (1938).

The omission then from the superior court rules of any provision deeming a waiver of arraignment to be a not guilty plea must have been purposeful.

*Juvenile's Acknowledgment of Advice of Rights.* Nothing in Mr. Hubbard's waiver or advice of rights form suggests that he was pleading not guilty. Nor did anything in the waiver or advice of rights form tell Mr. Hubbard that waiving arraignment would also waive his statutory right to plead guilty.

The juvenile advice of rights form advises the juvenile of his or her right to counsel, public proceedings, privilege against self-incrimination, speedy trial, and so forth. And it includes the right "[t]o be presumed innocent until any accusation is proved by evidence beyond reasonable doubt, *or until I decide to enter a plea of guilty. . . .* I understand that *if I decide to plead guilty*, I will have no right to a trial on any charge to which I plead guilty." Juvenile's Acknowledgment of Advice of Rights at 2 (emphasis added).

The form suggests that pleading guilty is a future event. Additionally, nothing in the waiver of arraignment form states Mr. Hubbard is entering a plea of any kind. Although Mr. Hubbard checked the box on the waiver form indicating he wanted the matter set for trial, another box reads "Pleading to: _____." Clerk's Papers (CP) at 12. The blank was not filled in. This again suggests that the plea will be taken at a later date.

The absence of a rule making waiver of arraignment a plea of not guilty, taken together with the Juvenile's Acknowledgment of Advice of Rights form, supports the notion that a waiver of arraignment is not the equivalent of a not guilty plea in juvenile court. Mr. Hubbard did not then waive his statutory right to plead guilty by waiving arraignment.

*Alford* Plea. The next question is whether Mr. Hubbard's

statutory right to plead guilty includes the right to an *Alford*[5] plea.

■■ A defendant's right to plead guilty under CrR 4.2 was first announced in *Martin*. *Martin*, 94 Wn.2d at 4-5; *see Conwell*, 141 Wn.2d at 907-08. There, the court stated: "we have been informed of no statute or rule of court which grants a trial court authority to decline a plea of guilty made competently, knowingly, voluntarily, unconditionally, *unequivocally* and on advice of counsel." *Martin*, 94 Wn.2d at 5 (emphasis added). The court went on to say that a plea is equivocal when a defendant "couples a protestation of innocence with an assertion of guilt . . . ." *Id.* at 7 (quoting *State v. Stacy*, 43 Wn.2d 358, 363, 261 P.2d 400 (1953)).

Mr. Hubbard's *Alford* plea was equivocal—all *Alford* pleas are. *In re Personal Restraint of Montoya*, 109 Wn.2d 270, 280, 744 P.2d 340 (1987). Mr. Hubbard told the court he was not a "part of" taking the victim's money. Report of Proceedings (Mar. 14, 2000) at 6.

Equivocal pleas should not be accepted by the court when the only factual basis for the plea is the defendant's own inconsistent statement. *State v. Iredale*, 16 Wn. App. 53, 57, 61, 553 P.2d 1112 (1976) (State made no offer of proof on defendant's guilt, only factual basis was defendant's equivocal statement).

But not all equivocal pleas raise this concern. When a defendant's equivocal factual statement is part of an *Alford* plea *and* there is an independent factual basis for the guilty plea, there is no reason to refuse the plea. *Montoya*, 109 Wn.2d at 280-81; *State v. Newton*, 87 Wn.2d 363, 370-71, 552 P.2d 682 (1976); *State v. Norval*, 35 Wn. App. 775, 782, 669 P.2d 1264 (1983).

Our concern for equivocal pleas is not over the defendant's refusal to admit guilt. It is instead whether the defendant understands the proceedings and has made a knowing, voluntary, and intelligent plea. *See Montoya*, 109

---

[5] An *Alford* plea "permits a defendant to plead guilty even though he claims innocence provided that there is strong evidence of actual guilt and the defendant intelligently concludes that his interests require entry of a guilty plea." *United States v. Diamond*, 53 F.3d 249, 251 n.1 (9th Cir. 1995).

Wn.2d at 280 (*Alford* pleas should be examined to determine whether the defendant has made an intelligent and voluntary choice between his or her alternative courses of action). An equivocal plea calls the defendant's understanding into question. *Newton*, 87 Wn.2d at 373. And the court must be assured that the guilty plea is voluntary. CrR 4.2(d); *Montoya*, 109 Wn.2d at 277-78 ("court must exercise extreme care to ensure that [an *Alford*] plea satisfies constitutional requirements").

Mr. Hubbard's plea was clearly voluntary. And the court found as much. CP at 8. The State also set out an independent factual basis for the plea.

Mr. Hubbard's statutory right to plead guilty included the right to enter an *Alford* plea.

■ Plea Limited to Both Crimes Charged. The State next argues that Mr. Hubbard's right to plead guilty is limited to a plea as charged, that is, Mr. Hubbard must plead guilty to both crimes.[6] The State relies on *State v. Bowerman*. There, the defendant was charged with one count of first degree murder. The information alleged two *alternate* ways of committing the *single* crime—aggravated, premeditated murder or felony murder. *Bowerman*, 115 Wn.2d at 799-800. The court held the defendant had the right to plead guilty to first degree murder, not to "choose one portion (felony murder) of the charges against her and plead guilty to just that portion of the charge." *Id.* at 800.

Here, Mr. Hubbard was charged with *two separate* crimes—not alternative ways of committing a single crime. The information first charges second degree robbery and then states "and further charges the following crime, as an act connected with and as *a crime alternative to Second Degree Robbery*, FIRST DEGREE THEFT OTHER THAN A FIREARM . . . ." CP at 1 (emphasis added). The State did

---

[6] Mr. Hubbard does not argue, and therefore we do not address, the propriety of the State arguing that he must plead to both charges after unequivocally agreeing that he could plead to one. *See State v. Sledge*, 133 Wn.2d 828, 838-39, 947 P.2d 1199 (1997) (basic principles of contract apply to plea agreements).

not allege that Mr. Hubbard committed both crimes, but rather one or the other.

By pleading guilty to one of those crimes, Mr. Hubbard was pleading "as charged." Were this not the case, the State could effectively preclude defendants from pleading guilty at all by charging them in the alternative. When a defendant is charged with crime A *or* crime B, how do they plead as charged? We disagree with the State's argument that the defendant must plead guilty to both crimes. The defendant is not charged with both.

## CONCLUSION

Mr. Hubbard's waiver of arraignment did not constitute a plea of not guilty. He therefore maintained his statutory right to plead guilty. There is no reason to treat his *Alford* plea any differently than a straight guilty plea because there is an independent factual basis for the plea. The court erred by refusing to accept his plea.

We reverse the decision and remand with instructions to accept the plea.

SCHULTHEIS and KATO, JJ., concur.

Review denied at 145 Wn.2d 1004 (2001).

