IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 33106-7-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| MATTHEW HENRY DEVORE, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, A.C.J. — We granted Matthew DeVore's request for discretionary review to determine whether the trial court erred in withdrawing Mr. DeVore's valid guilty plea and allowing the State to file an amended information. We conclude that the trial court erred and remand this matter to allow Mr. DeVore to plead guilty to the original information.

FACTS

On November 24, 2014, a stabbing occurred at a business in Kennewick, Washington. At the scene, the police briefed the responding prosecutors and informed them the suspect, Mr. DeVore, was in custody. Later that day, Sergeant Randy Maynard called the prosecutors and summarized the statement Mr. DeVore gave the police.

According to Sergeant Maynard, Mr. DeVore admitted he stabbed Thomas Christian but insisted his contact with Mr. Christian had been inadvertent, and he had been continually carrying the knife he used to stab Mr. Christian for several weeks.

On November 26, the police briefed the prosecutors again and included witness statements that called into question whether Mr. DeVore always carried the knife he used to stab Mr. Christian. During the briefing, the State decided to charge Mr. DeVore with second degree murder based on his statement and the autopsy reports, but agreed to continue investigating whether the stabbing was premeditated. That same day, the State charged Mr. DeVore with second degree murder with an aggravating circumstance of impact on others.

The business where the stabbing occurred gave Sergeant Maynard a video of the incident, which Sergeant Maynard delivered to the prosecutors after the State filed the information. The prosecutors watched the video and agreed the video contradicted Mr. DeVore's statement that his contact with Mr. Christian at the business was inadvertent. The prosecutors agreed they would likely end up charging Mr. DeVore with first degree murder based on the increasing evidence of premeditation. The prosecutors decided to wait to file the amended information until they had additional written statements and reports, but agreed to file an amended information if Mr. DeVore attempted to plead

2

guilty. On December 3, defense counsel met with Mr. DeVore for several hours, and the two went over Mr. DeVore's statement on plea of guilty.

On December 4, the trial court held a hearing to arraign Mr. DeVore. At the beginning of the hearing, defense counsel stated that Mr. DeVore wished to enter a guilty plea and handed forward the statement of defendant on plea of guilty. The State then moved to file an amended information charging Mr. DeVore with first degree murder with an aggravating circumstance of impact on others. The State and defense counsel disputed whether Mr. DeVore had entered a valid guilty plea and whether the State could amend the information at that point. The trial court continued the arraignment so the parties could brief the issue.

The trial court held another hearing on December 22. The trial court advised it had reviewed the relevant case law, including *Martin*[1] and *Ford*.[2] The trial court concluded that, under *Ford*, the State may not amend an information under CrR 2.1(d) if amending the information would prejudice the defendant's substantial rights. The trial court found that continuing the arraignment to obtain legal authority on the question of whether the State was permitted to amend the information prejudiced Mr. DeVore's substantial right

---

[1] *State v. Martin*, 94 Wn.2d 1, 614 P.2d 164 (1980).

[2] *State v. Ford*, 125 Wn.2d 919, 891 P.2d 712 (1995).

3

to plead guilty at the time of arraignment. The trial court denied the State's motion to amend the information.

The trial court then gave Mr. DeVore an opportunity to plead guilty to second degree murder. The trial court conducted a plea colloquy to determine whether Mr. DeVore's plea was knowing, intelligent, and voluntary. The trial court then asked Mr. DeVore to supplement the factual basis for the plea in his own words. Mr. DeVore gave a verbal description of the incident:

> [Mr. DeVore]: Yes, sir. I never, I never intended to—for what happened happen. I was under a lot of duress for some number of months and I tried to avoid Mr. Christianson [sic].
>
> And on the day that—on the 24th, when I went there, I was trying to get there early to avoid him. And I did not intend to meet him in any way, but rather to avoid him.
>
> And I was under a lot of, a lot of emotional duress, missing my children. And unfortunately I tried to confront him to talk to him about it. And, and I don't know what happened, sir, but—just our conversation was an ongoing conversation between us that always seemed to go wrong.
>
> And I just—at that moment, I—something came over me. It was like getting hit by a lightning bolt.
>
> And after it happened, I didn't even really recognize what had happened until later. I was in shock, I think, for an entire week. . . .
>
> . . . .
> . . . And that moment when I was standing there, I tried to talk to him and tell him—I was basically trying to tell him that I wanted to see my kids, but unfortunately it came out wrong and I was angry.

4

And when we started talking, and I felt like he was treating me like a dog and told—just bushed [sic] me off and kind of motioned a kick at me and—I don't believe for any intent but other than just to belittle me. And that was kind of an ongoing thing. And I just, I snapped and I drew my, I drew a knife and, and I stabbed him. I attempted to kill him.
THE COURT: Pardon me?
[Mr. DeVore]: In a—an attempt to kill him. That is not true.
THE COURT: Anything else you'd like to say, sir—
[Mr. DeVore]: No, sir.

Report of Proceedings (RP) at 23-24.

The State objected to the trial court accepting Mr. DeVore's plea based on that statement, arguing that Mr. DeVore did not state an adequate factual basis to support the intent element of second degree murder. The State then argued that the court had discretion in the interests of justice to not accept Mr. DeVore's plea.

The trial court determined that Mr. DeVore's plea was knowing, intelligent, and voluntary, and also determined Mr. DeVore stated an adequate factual basis for his plea to second degree murder. The court noted it had some concern whether the entry of Mr. DeVore's plea served the interests of justice. Defense counsel and the State began to argue this issue when the trial court declared a recess. There were no further proceedings that day.

5

The trial court held another hearing on December 29, 2014. After argument from the State and defense counsel, the trial court stated it had considered the case significantly since the previous hearing and determined that its previous ruling, which denied the State's motion to amend the information, was incorrect in light of *Ford*. The court ruled the December 4, 2014 continuance was required in the administration of justice and did not prejudice Mr. DeVore's substantial rights. The court further ruled that allowing the State to amend the information would not prejudice Mr. DeVore's mental health, right to remain silent, or due process rights. Because there was no prejudice to Mr. DeVore, the court concluded the State should be allowed to amend the information. Defense counsel advised the court that Mr. DeVore would not enter a plea at that time. The court then entered a not guilty plea for Mr. DeVore.

Mr. DeVore filed a notice for discretionary review. This court determined the trial court's decision constituted probable error and granted discretionary review.

## ANALYSIS

Mr. DeVore argues the trial court erred when it allowed the State to amend the original information charging him with second degree murder and file an amended information charging him with first degree murder. He contends he entered a valid guilty

6

plea on December 22, 2014, and therefore the trial court erred when it withdrew that plea and allowed the State to amend the information.[3]

This court generally reviews the granting of a motion to amend an information for an abuse of discretion. *State v. Brett*, 126 Wn.2d 136, 155, 892 P.2d 29 (1995). However, the issue of whether the trial court deprived a defendant of his or her rule-based right to plead guilty to the original charges is subject to de novo review. *State v. Conwell*, 141 Wn.2d 901, 906, 10 P.3d 1056 (2000) (quoting *State v. Ledenko*, 87 Wn. App. 39, 42, 940 P.2d 280 (1997)).

CrR 2.1(d) addresses when the State may amend an information. It provides that "[t]he court may permit any information or bill of particulars to be amended at any time before verdict or finding if substantial rights of the defendant are not prejudiced." Under the plain language of CrR 2.1(d), if the trial court had found Mr. DeVore guilty, the State could no longer amend the information. The trial court never formally found Mr. DeVore guilty, so this case is more complicated than a straightforward application of CrR 2.1(d).

---

[3] Mr. DeVore's argument is inconsistent as to when he entered a valid guilty plea. There are instances where he argues he entered a valid guilty plea at the December 22, 2014 hearing. There are other instances where he argues he entered a valid guilty plea on December 4, 2014. These inconsistencies are likely due to the fact that Mr. DeVore's appellate brief reuses substantial portions of the briefs he filed after the December 4 hearing, when the trial court asked for briefing on whether Mr. DeVore had entered a valid plea. We analyze the issues in light of the December 22 hearing.

The trial court, however, conducted a full plea colloquy, found Mr. DeVore's plea was knowing, voluntary, and intelligent, and also found an adequate factual basis supported the plea.

The question of whether the State was allowed to amend the information is related to Mr. DeVore's right to plead guilty. Whether the trial court violated Mr. DeVore's right to plead guilty depends on whether CrR 4.2(d) was satisfied. That rule provides in relevant part:

> The court shall not accept a plea of guilty, without first determining that it is made voluntarily, competently and with an understanding of the nature of the charge and the consequences of the plea. The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea.

CrR 4.2(d). Therefore, we first address whether an adequate factual basis supported Mr. DeVore's plea. We then address whether the trial court violated Mr. DeVore's right to plead guilty. If the trial court violated Mr. DeVore's right to plead guilty, then the trial court abused its discretion when it later allowed the State to amend the information.

A.    FACTUAL BASIS FOR PLEA

The State argues Mr. DeVore's plea was invalid because it was not supported by an adequate factual basis. CrR 4.2(d)'s factual basis requirement is satisfied if there is sufficient evidence from which a jury could conclude the defendant is guilty. *State v.*

8

*Rhode*, 56 Wn. App. 69, 72, 782 P.2d 567 (1989). The trial court does not need to be convinced of a defendant's guilt beyond a reasonable doubt. *Id.*

A person is guilty of second degree murder when, "[w]ith *intent* to cause the death of another person but without premeditation, he or she causes the death of such person or of a third person." RCW 9A.32.050(1)(a) (emphasis added). "A person acts with intent or intentionally when he or she acts with the objective or purpose to accomplish a result which constitutes a crime." RCW 9A.08.010(1)(a). Therefore, to satisfy the intent element, Mr. DeVore had to act with the objective or purpose to cause Mr. Christian's death.[4]

The State relies on *State v. Powell*, 29 Wn. App. 163, 627 P.2d 1337 (1981). In *Powell*, the trial court never asked the defendant to describe what he did to the victim or with what intent he acted, but merely asked the defendant questions regarding his understanding of the statement on plea of guilty and the authenticity of his signature. *Id.* at 164. The defendant's written statement on plea of guilty only stated, "'I did participate in the 1 [degree] murder of [the victim].'" *Id.* at 165 (first alteration in original). The

---

[4] Mr. DeVore argues that for there to be a factual basis for his guilty plea, he only needed to intend *to stab* Mr. Christian, but he did not specifically have to intend for Mr. Christian to die. The second degree murder statute refutes this argument, which requires the person to act "[w]ith intent *to cause the death of another person*." RCW 9A.32.050(1)(a) (emphasis added).

*Powell* court held there was insufficient evidence to support the factual basis for the plea because "*no* attempt was made to orally elicit a description of either defendant's acts or state of mind," and the legal conclusion in the defendant's written statement failed "to set forth *any* of the elements from which a jury could have found defendant guilty of first degree murder." *Id.* at 167 (emphasis added).

The State also relies on *In re Personal Restraint of Taylor*, 31 Wn. App. 254, 640 P.2d 737 (1982). The only factual basis in the record to support Bruce Taylor's guilty plea was his written statement, "'I was directly involved in the planning, carrying out the plan, and aftermath of the murder of Myrtle Boston, which occurred July 4, 1977.'" *Id.* at 259. The *Taylor* court concluded this written statement was analogous to the one in *Powell* and failed to set out the elements of first degree murder. *Id.* at 259-60.

Here, unlike in *Powell* and *Taylor*, the trial court asked Mr. DeVore at the December 22 plea colloquy to describe the facts supporting his plea. The trial court found Mr. DeVore's description established an adequate factual basis for the plea and later confirmed this ruling in its conclusions of law.

The State argues there was an inadequate factual basis for Mr. DeVore's plea because Mr. DeVore denied that he intended to kill Mr. Christian when he said: "'And I just—at that moment, I—something came over me. It was like getting hit by a lightning

10

bolt. And after it happened, I didn't even really recognize what had happened until later.'" Br. of Resp't at 10 (quoting RP at 23). However, this statement does not contradict the trial court's finding that Mr. DeVore acted with the objective or purpose to accomplish Mr. Christian's death, as RCW 9A.08.010(1)(a) requires. Right after this statement, Mr. DeVore said: "And I just, I snapped and I drew my, I drew a knife and, and I stabbed him. *I attempted to kill him.*" RP at 24 (emphasis added). Mr. DeVore's statement that he "attempted to kill" Mr. Christian supports the intent element of second degree murder.

Unlike the defendants' written statements in *Powell* and *Taylor*, which only contained legal conclusions, Mr. DeVore's oral statement sets out the elements from which a jury could have found him guilty of second degree murder. Although his statement may not have established guilt beyond a reasonable doubt, there is sufficient evidence for a jury to conclude he was guilty.[5] An adequate factual basis supported his plea.

---

[5] The State does not explicitly discuss Mr. DeVore's comment that occurred at the end of his statement to the court, where he vaguely denied an intent to kill. But even had the State discussed Mr. DeVore's vague denial, Mr. DeVore's statement immediately prior—where he clearly admitted his intent to kill—is sufficient for us to affirm the trial court's finding that Mr. DeVore's plea had a sufficient factual basis and was knowingly,

B.      RIGHT TO PLEAD GUILTY

In Washington, CrR 4.2(a) gives criminal defendants the right to plead guilty. *State v. Martin*, 94 Wn.2d 1, 4, 614 P.2d 164 (1980). But the trial court is not required to immediately and automatically accept a proffered guilty plea. *See State v. Ford*, 125 Wn.2d 919, 924, 891 P.2d 712 (1995). Rather, a trial court's acceptance of the guilty plea is "explicitly contingent on the trial court's independent evaluation of voluntariness." *Id.*

Mr. DeVore relies on *State v. Rhode*, 56 Wn. App. 69 and *State v. Conwell*, 141 Wn.2d 901. In *Rhode*, the State and Tanya Rhode negotiated a plea agreement. *Rhode*, 56 Wn. App. at 70. At the plea hearing, the trial court acknowledged Ms. Rhode's plea was knowing, intelligent, and voluntary, acknowledged she was informed of the nature of the charge and the consequences of the plea, and acknowledged there was a factual basis for the plea. *Id.* at 71. The trial court then accepted Ms. Rhode's plea. *Id.* At sentencing, the trial court believed the State's recommendation was too low, so it reversed its order accepting the plea. *Id.* at 72. The *Rhode* court held the trial court "erred by withdrawing its acceptance of the plea which it earlier found to be factually based and knowingly, intelligently and voluntarily made." *Id.* at 73.

---

intelligently, and voluntarily made.

In *Conwell*, the State and Jeremy Conwell negotiated a plea agreement and Mr. Conwell proffered a guilty plea at his arraignment. *Conwell*, 141 Wn.2d at 904. The trial court inquired as to Mr. Conwell's competence, his understanding of the charges and consequences of a guilty plea, and the voluntariness of his plea. *Id.* After a short continuance, the trial court determined there was an adequate factual basis to support the plea. *Id.* at 904-05. However, the trial court then rejected both the plea agreement and the proffered plea because it was concerned about Mr. Conwell's justification for using a weapon. *Id.* at 905. The trial court then arraigned Mr. Conwell and entered a not guilty plea sua sponte. *Id.* Several weeks later, the State moved to amend the information and Mr. Conwell objected, arguing that he should have been allowed to plead guilty to the charges in the original information. *Id.* The trial court allowed the amendment. *Id.* at 905-06.

The *Conwell* court held the trial court failed to comply with CrR 4.2(f). *Id.* at 908. The court noted the trial court rejected Mr. Conwell's proffered plea in the interests of justice, and stated, "While the court has the discretion to reject a plea *agreement* it finds inconsistent with the interests of justice, the court does not have discretion to reject a valid guilty *plea* offered notwithstanding that agreement." *Id.* at 909 (emphasis added). The *Conwell* court also stated, "'It is up to the *defendant* to withdraw the plea, not the

court.'" *Id.* (quoting *Rhode*, 56 Wn. App. at 73). Accordingly, CrR 4.2(f) required the trial court to give Mr. Conwell the choice of withdrawing his guilty plea or pleading to the charges without a plea agreement. *Conwell*, 141 Wn.2d at 910. The court noted Mr. Conwell had the right to plead unconditionally to the original charges, and held the trial court erred when it entered a not guilty plea sua sponte without Mr. Conwell's assent. *Id.* at 909. The court vacated the trial court's order amending the original information and remanded for Mr. Conwell to enter a plea to the original charges. *Id.* at 910.

In contrast, the State relies on *Ford*. In *Ford*, the State charged Mr. Ford with three counts of first degree murder and at the arraignment Mr. Ford, through counsel, proffered a guilty plea. *Ford*, 125 Wn.2d at 921. The State immediately moved to continue the arraignment, stating it possessed potentially exculpatory material it needed to disclose prior to any plea. *Id.* The court continued the arraignment proceeding for a week and did not accept the proffered guilty plea. *Id.* During the following week, the State discovered inculpatory evidence and moved to amend the charge to aggravated first degree murder. *Id.* The trial court allowed the amendment. *Id.*

The *Ford* court held the continuance was not a violation of Mr. Ford's right to plead guilty. *Id.* at 925. The court reasoned CrR 4.2(d) obligates the trial court to be independently satisfied of the voluntariness and factual basis for the plea, and the trial

14

court continued Mr. Ford's arraignment based in part on a concern the proffered guilty plea was not knowing, intelligent, or voluntary, as well as a concern that Mr. Ford had a right to review the exculpatory material. *Id.* at 924-25.

*Ford* also held the trial court properly allowed the State to amend the information. *Id.* at 928-29. CrR 2.1(d)'s temporal limitation that requires the State to amend the information *before* verdict or finding was not relevant, so the court turned to the question of whether allowing the State to amend the information would prejudice Mr. Ford's substantial rights. *Id.* at 928. The court found that allowing the State to amend the information would not prejudice Mr. Ford's substantial rights, reasoning that ER 410 prohibited the State from using any evidence of Mr. Ford's proffered plea in any subsequent trial. *Id.* at 928. Importantly, the court also reasoned Mr. Ford was not prejudiced because it had "already determined that the *Martin* right to plead guilty was not violated." *Id.*

Here, the trial court conducted an extensive plea colloquy during the December 22, 2014 hearing. In the colloquy, Mr. DeVore acknowledged all the constitutional rights he waived. He acknowledged he understood the elements of second degree murder, his standard range sentence, and the maximum penalty of life imprisonment. He also acknowledged he reviewed his statement on plea of guilty with defense counsel and

understood its contents, stated no one made threats or promises to get him to plead guilty, and stated he understood the court was not bound by the standard range. In light of this colloquy, the court found that Mr. DeVore's plea was knowing, intelligent, and voluntary. The trial court later confirmed this finding in its conclusions of law.

This case is like *Conwell* and unlike *Ford*. In *Ford*, the trial court continued the arraignment because it was concerned Mr. Ford's proffered guilty plea was not knowing, intelligent, or voluntary, and was also concerned about Mr. Ford's right to review the exculpatory material. Because the trial court had not yet determined Mr. Ford's plea was voluntary, CrR 4.2(d) prohibited the trial court from accepting the plea. Because the trial court could not accept the plea, it did not err when it continued the arraignment and then allowed the State to amend the information.

In this case, however, the trial court found that Mr. DeVore's plea was knowing, intelligent, and voluntary, and also found that an adequate factual basis supported the plea. CrR 4.2(d) was satisfied. Under *Conwell*, the trial court had no discretion to reject Mr. DeVore's guilty plea. Moreover, because Mr. DeVore's plea was not pursuant to a plea agreement with the State, the trial court also did not have discretion to reject the plea in the interests of justice. Like in *Conwell*, Mr. DeVore "had the right to plead unconditionally" and the trial court did not have authority to enter a plea of not guilty sua

16

sponte. *See Conwell*, 141 Wn.2d at 909. Therefore, the trial court violated Mr. DeVore's right to plead guilty.

The *Ford* court held that allowing the State to amend the information would not prejudice Mr. Ford's substantial rights because it had "already determined that the *Martin* right to plead guilty was not violated." *Ford*, 125 Wn.2d at 928. Here, the trial court violated Mr. DeVore's right to plead guilty, thus prejudicing Mr. DeVore's substantial rights. We conclude the trial court abused its discretion when it allowed the State to file an amended information charging Mr. DeVore with first degree murder. We, therefore, reverse the trial court and remand to allow Mr. DeVore to enter a plea to the original charge of second degree murder.

Reversed and remanded.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Lawrence-Berrey, A.C.J.

WE CONCUR:

_____      _____
Siddoway, J.                         Pennell, J.

17