# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 47589-8-II |
| Respondent, | |
| v. | |
| DANIEL LEE ROUSE, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, J. — Daniel Lee Rouse appeals his sentence for felony violation of a no-contact order. Rouse argues the sentencing court imposed an unauthorized sentence by miscalculating his offender score. The State concedes error. In his statement of additional grounds (SAG), Rouse claims the superior court violated his due process rights by (1) entering an order of conviction when the superior court did not have jurisdiction to do so and (2) denying his timely arraignment, time for trial, and speedy trial rights. We hold that the sentencing court imposed an unauthorized sentence on Rouse by miscalculating his offender score but that it did not otherwise err. Accordingly, we affirm Rouse's conviction but vacate his sentence and remand for resentencing.

## FACTS

On September 19, 2014, the State filed a felony complaint in district court charging Rouse with one count of felony violation of a protection order.[1] Soon after, the district court made a probable cause determination on the felony charge.

---

[1] RCW 26.50.110(5).

On October 16, 27 days after the felony complaint was filed in district court, the State filed an information in superior court charging Rouse with one count of felony violation of a court order with a special allegation of domestic violence.[2] Rouse was arraigned on the information in superior court four days later, on October 20, and the district court dismissed the felony complaint. On October 20, the superior court set Rouse's trial for December 15. The superior court noted that Rouse was "on a 60-day trial clock, which end[ed] on December 19th." Verbatim Report of Proceedings (VRP) (Oct. 20, 2014) at 4. Rouse's counsel objected to the trial date, stating: "[M]y client is noting an objection to the speedy trial calculation on this with regard to the 30 days he spent in custody while in [the Kitsap County Felony Early Plea Unit]." VRP (Oct. 20, 2014) at 4.

Rouse represents, and the State does not deny, that Rouse was confined in jail while awaiting trial. Rouse's trial began on December 16. At trial, Rouse stipulated that he had two prior convictions in municipal court for violation of a no-contact order.[3] Following presentation of the evidence, the jury found Rouse guilty of felony violation of a protection order.

At sentencing, the State noted that Rouse's criminal history included two violations of municipal domestic violence no-contact orders. The State calculated that Rouse had an offender score of 8 by counting the two prior violations of a no-contact order as 2 points each. The

---

[2] RCW 26.50.110(5).

[3] Rouse's two prior convictions were for violating provisions of a no-contact order issued under chapter 10.99 RCW and, therefore, are qualifying convictions for felony violation of a protection order under RCW 26.50.110(5).

sentencing court accepted the State's offender score calculation and sentenced Rouse to 60 months of incarceration, the statutory maximum for an offender score of 8. Rouse appeals.

ANALYSIS

Rouse argues, and the State concedes, that the sentencing court imposed an unlawful sentence by miscalculating Rouse's offender score. Specifically, Rouse contends the sentencing court miscalculated his offender score by counting each of his prior misdemeanor domestic violence convictions as 2 points instead of 1. We accept the State's concession and remand for resentencing.

A sentencing court acts without authority when it imposes a sentence based on a miscalculated offender score. *In re Pers. Restraint of Goodwin*, 146 Wn.2d 861, 868, 50 P.3d 618 (2002). We review de novo a sentencing court's offender score calculation. *State v. Moeurn*, 170 Wn.2d 169, 172, 240 P.3d 1158 (2010). A miscalculated offender score is remedied by resentencing using the correct offender score. *State v. Ross*, 152 Wn.2d 220, 229, 95 P.3d 1225 (2004).

RCW 9.94A.525(21)(c) provides that where a present conviction is for a felony domestic violence offense where domestic violence is pleaded and proven, a sentencing court is to "[c]ount one point for each adult prior conviction for a repetitive domestic violence offense as defined in RCW 9.94A.030." RCW 9.94A.030's definition of a "repetitive domestic violence offense" includes a "[d]omestic violence violation of a protection order . . . that is not a felony offense." Former RCW 9.94A.030(41)(a)(iii) (2012).

Rouse's present conviction is for a felony violation of a no-contact order. Rouse's criminal history includes two 2014 violations of a municipal domestic violence no-contact order.

The sentencing court calculated Rouse's offender score as 8, counting Rouse's two prior violations of a no-contact order as 2 points each. Based on an offender score of 8, the sentencing court sentenced Rouse to 60 months of incarceration.

Under former RCW 9.94A.030(42)(a)(iii), Rouse's two adult prior convictions for municipal violations of a no-contact order are repetitive domestic violence offenses. Because Rouse is presently convicted of a felony domestic violence offense, his prior convictions for repetitive domestic violence offenses count as 1 point each. RCW 9.94A.525(21)(c). Therefore, the sentencing court miscalculated Rouse's offender score and acted without authority in imposing its sentence. We accept the State's concession, vacate the sentence, and remand for resentencing.

## STATEMENT OF ADDITIONAL GROUNDS

In his SAG, Rouse claims the superior court violated his due process rights by (1) entering an order of conviction when it did not have jurisdiction to do so and (2) denying his timely arraignment, time for trial, and speedy trial rights. We determine that Rouse's due process claims lack merit.

## I. JURISDICTION

Rouse claims the superior court did not have jurisdiction over him. Specifically, Rouse argues that the superior court never obtained jurisdiction over him because the district court failed to bind him over to superior court after conducting a preliminary hearing. This claim has no merit.

RCW 3.66.060 governs the district court's criminal jurisdiction and grants district and superior courts concurrent jurisdiction. *State v. Stock*, 44 Wn. App. 467, 474, 722 P.2d 1330

(1986). RCW 3.66.060 provides that the district court "shall have jurisdiction . . . to sit as a committing magistrate . . . in cases provided by law." Accordingly, district courts have jurisdiction to issue rulings or process in felony cases. *State v. Bliss*, 191 Wn. App. 903, 913-14, 365 P.3d 764 (2015). The district court's exercise of its concurrent jurisdiction "does not deprive the superior court[ ] of any power." *Stock*, 44 Wn. App. at 474.

At oral argument, Rouse and the State represented that the district court did not conduct a preliminary hearing. Instead, the district court made a probable cause determination on Rouse's felony charge, and an information was later filed in superior court. Accordingly, Rouse's claim has no merit. Moreover, the district court had concurrent jurisdiction with the superior court when it made its probable cause determination, and the superior court retained its jurisdiction.[4]

## II. TIMELY ARRAIGNMENT, TIME FOR TRIAL, AND SPEEDY TRIAL RIGHTS

Rouse also claims the superior court violated his due process rights in (a) violating his right to timely arraignment by failing to arraign him within 14 days of the date the information was filed in superior court and (b) violating his time for trial and speedy trial rights by failing to bring him to trial within 60 days of his arraignment while he was confined in jail. The State argues Rouse waived his time for trial rights. We hold Rouse did not waive his time for trial rights argument, but that Rouse's remaining claims lack merit.

---

[4] Because the superior court retained its jurisdiction over Rouse's felony charge, the Criminal Rules for Courts of Limited Jurisdiction did not prevent the superior court from asserting jurisdiction over Rouse's case. RCW 3.66.060.

A.      *Timely Arraignment*

Rouse claims the superior court violated his due process rights by failing to arraign him within 14 days of the date the information was filed in superior court.[5]  This claim lacks merit.

Under CrR 4.1(a)(1), a defendant detained in jail must be arraigned in superior court no later than 14 days after the date the information was filed in superior court.  Here, the information was filed in superior court on October 16, 2014.  Rouse was arraigned in superior court on October 20.  Because Rouse was arraigned four days after the date the information was filed, the superior court did not violate his right to timely arraignment.  Thus, Rouse's claim lacks merit.

B.      *Time for Trial*

As an initial matter, the State contends that Rouse waived his time for trial rights because he failed to timely object to the trial setting.  We disagree.[6]

1.  Timely Objection

A defendant waives his time for trial rights under the court rules if he does not timely object to the violation.  *State v. Chavez-Romero*, 170 Wn. App. 568, 581, 285 P.3d 195 (2012).  CrR 3.3(d)(3) requires that a criminal defendant "who objects to the date set [for trial] upon the ground that it is not within the time limits prescribed by this rule must, within 10 days . . . move

---

[5] In his reply to the State's supplemental brief, Rouse also contends the *district* court violated his right to timely arraignment because he was not arraigned within 14 days after the date his felony complaint was filed in district court, as provided in CrRLJ 4.1(a)(1).  The district court dismissed Rouse's felony charge.  Accordingly, Rouse's claim lacks merit.

[6] The State does not argue that Rouse waived his time for trial rights because he failed to file a written motion objecting to the trial date.

that the court set a trial within those time limits." Accordingly, the defendant must object to the trial date in writing within 10 days of his notice of the trial date. *Chavez-Romero*, 170 Wn. App. at 581.

The superior court set Rouse's trial date on October 20, 2014. On October 20, Rouse's counsel stated: "[M]y client is noting an objection to the speedy trial calculation on this with regard to the 30 days he spent in custody while in [the Kitsap County Felony Early Plea Unit]." VRP (Oct. 20, 2014) at 4. Accordingly, Rouse objected within 10 days of the date set for trial. Thus, Rouse timely objected to the trial setting.

2. Time for Trial Rights

The application of a court rule to a particular set of facts is a question of law we review de novo. *State v. Conwell*, 141 Wn.2d 901, 906, 10 P.3d 1056 (2000). When a defendant is detained in jail at the time a felony complaint is filed in district court, an information must be filed in superior court within 30 days of the date the felony complaint was filed. CrRLJ 3.2.1(g)(2).

CrR 3.3 provides criminal defendants with a nonconstitutional right to a timely trial in superior court. *State v. Ollivier*, 178 Wn.2d 813, 823, 312 P.3d 1 (2013). CrR 3.3(b)(1)(i) states that "[a] defendant who is detained in jail shall be brought to trial within . . . 60 days after the commencement date specified in the rule." The commencement date is defined as the date of arraignment in superior court. CrR 3.3(c)(1). "No case shall be dismissed for time-to-trial reasons except as expressly required by this rule, a statute, or the state or federal constitution." CrR 3.3(h).

Here, the State filed an information in superior court on October 16. Rouse was arraigned on the information in superior court on October 20, and his trial began on December 16.

Because Rouse was arraigned in superior court on October 20, the commencement date for Rouse's time for trial rights was October 20. CrR 3.3(c)(1). Rouse's trial began on December 16—57 days after he was arraigned on the information in superior court. Because Rouse was detained in jail and was brought to trial within 60 days after he was arraigned in superior court, the superior court did not violate his CrR 3.3 time for trial rights. Therefore, his claim has no merit.

C.      *Constitutional Speedy Trial Rights*

Rouse also claims that the superior court violated his constitutional speedy trial rights by bringing him to trial within 90 days of his arraignment in district court instead of 60 days. Specifically, Rouse argues that his speedy trial rights were violated because the court rules permitted him to be brought to trial 30 days later than criminal defendants initially charged in superior court who are also detained in jail. To the extent Rouse claims this violates his constitutional speedy trial rights, his claim is without merit.

We review de novo constitutional speedy trial claims. *State v. Iniguez*, 167 Wn.2d 273, 280, 217 P.3d 768 (2009). Both the federal and Washington state constitutions guarantee a criminal defendant the right to a speedy trial. U.S. CONST. amend. VI; CONST. art. I, § 22. For us to determine a speedy trial claim, the defendant must first show that the length of delay in bringing him to trial crossed the line from ordinary to presumptively prejudicial. *Iniguez*, 167 Wn.2d at 283. Once the defendant shows that the trial court's delay was presumptively

prejudicial, we examine the nature of the court's delay to determine whether a constitutional violation occurred. 167 Wn.2d at 283.

The threshold for a constitutional speedy trial violation is higher than for a violation of the court rules. *State v. Smith*, 165 Wn. App. 296, 324, 266 P.3d 250 (2011). While the court rules are founded upon the constitutional right to a speedy trial, they are not of constitutional magnitude. *Ollivier*, 178 Wn.2d at 823. Moreover, there is "no constitutional basis for holding that the speedy trial right can be quantified into a specified number of days or months." *Barker v. Wingo*, 407 U.S. 514, 523, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972).

When a defendant is detained in jail at the time a felony complaint is filed in district court, an information must be filed in superior court within 30 days of the date the felony complaint was filed. CrRLJ 3.2.1(g)(2). Then, the superior court must arraign the defendant within 14 days of the date the information was filed in superior court. CrR 4.1(a)(1). Finally, the defendant must be brought to trial in superior court within 60 days of his arraignment in superior court. CrR 3.3(b)(1)(i).

Rouse was initially charged in district court on September 19, 2014. Rouse was detained in jail while awaiting trial. An information was filed in superior court on October 16—27 days after the felony complaint was filed in district court. Rouse was arraigned on October 20, and his trial began on December 16.

An information was filed in superior court within 30 days of the date the felony complaint was filed in district court, and the superior court brought Rouse to trial within 60 days of the date the information was filed in superior court. As a result, the superior court did not violate the court rules, and the threshold for constitutional violations is higher than for rule-based

No. 47589-8-II

time for trial violations. While Rouse was not brought to trial within 60 days of the date he was initially charged by felony complaint in district court, "[t]rial within 60 days is not a constitutional mandate." *State v. Carson*, 128 Wn.2d 805, 821, 912 P.2d 1016 (1996). Accordingly, Rouse cannot show that the 27-day delay between filing a felony complaint in district court and filing an information in superior court was presumptively prejudicial. Therefore, Rouse fails to show his constitutional right to a speedy trial was violated, and his claim fails.

We affirm Rouse's conviction but vacate his sentence and remand for resentencing.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, J.

We concur:

Maxa, A.C.J.

Sutton, J.